Eric M. Fraser, No. 027241
Colin M. Proksel, No. 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
efraser@omlaw.com
cproksel@omlaw.com

Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
(415) 391-0600
perry.viscounty@lw.com
amit.makker@lw.com

Clement J. Naples, *admitted pro hac vice*
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
clement.naples@lw.com

Matthew J. Moore, *admitted pro hac vice*
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200
matthew.moore@lw.com

Attorneys for Defendant Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nikola Corporation, a Delaware corporation,

Plaintiff,

vs.

Tesla, Inc., a Delaware corporation,

Defendant.

No. CV-18-01344-PHX-GMS

**TESLA, INC.'S MOTION TO DISMISS**

**(Oral Argument Requested)**

Tesla, Inc. ("Tesla") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims in Nikola Corporation's ("Nikola") Amended Complaint.*

## I. INTRODUCTION

Nikola's Amended Complaint ("FAC") must be dismissed with prejudice. The FAC lacks any allegations about how the *ornamental* aspects of Tesla's semi-truck design (the "Tesla Semi") are the same as the ornamental features claimed in the patents-in-suit. Instead, the FAC focuses on general design concepts untethered to the claimed ornamental features, and on a legally irrelevant comparison of the functional features of the claimed and accused designs. The law requires a comparison of the claimed ornamental features with the accused design. The FAC offers none.

This flaw in the FAC is unsurprising because even a casual comparison between the ornamental features of the claimed designs and the Tesla Semi reveals that no ordinary observer could confuse the two designs. Indeed, comparing the claims with the Tesla Semi demonstrates that the claimed ornamental designs and the accused designs are plainly dissimilar. To state a claim for design patent infringement, Nikola must allege facts demonstrating substantial similarity between the ornamental features of the Tesla Semi and the ornamental features claimed in the patents-in-suit. Nikola fails to do so.

Dismissal with prejudice is appropriate under these circumstances. Courts regularly dismiss design patent claims *with prejudice* where, as here, the two designs are sufficiently distinct such that amending the complaint would be futile. A side-by-side comparison between the relevant aspects of Nikola's claims and the Tesla Semi demonstrates that they are plainly and fundamentally dissimilar. Because of the striking dissimilarities, amending the FAC would be futile and Nikola's FAC should be dismissed with prejudice.

* Tesla certifies under LRCiv 12.1 that before filing this motion, Tesla notified Nikola of the issues in this motion. The parties conferred by telephone and were unable to agree that the pleading was curable in any part by a permissible amendment.

## II. FACTUAL BACKGROUND

Tesla was founded in 2003 to design, manufacture, and sell all-electric vehicles. Tesla has since released four different models of passenger vehicles. Tesla has become a leader in the Electric Vehicle space, including the design and manufacture of lithium-ion batteries that provide for long driving ranges for electric vehicles. On November 16, 2017, Tesla unveiled its Tesla Semi, an all-electric semi-truck that will revolutionize the trucking industry. Tesla expects to begin delivering Tesla Semis in 2019. Pictures showing the design of the Tesla Semi are attached to, and authenticated by, the Declaration of Jason Luecht (the "Luecht Decl.") submitted concurrently herewith.

Nikola's FAC alleges that the Tesla Semi infringes three design patents that are generally directed to various portions of a vehicle. The patents-in-suit are: U.S. Pat. Nos. D816,004 (the "D'004 patent"), D811,944 (the "D'944 patent"), and D811,968 (the "D'968 patent"). The D'004 patent is for a "Side Door," the D'944 patent is for a "Fuselage," and the D'968 patent is for a "Wrap Windshield."

As required by law, each of the patents-in-suit claims only the ornamental design shown in the figures. (FAC, Exs. 2-4.) Further, "[t]he broken lines in the drawing views [in each patent-in-suit] represent unclaimed portions [of the article], which are included for the purpose of illustrating unclaimed environment only, and forms no part of the claimed design." (*Id.*)

Glaringly absent from the FAC are any factual allegations even purporting to demonstrate similarity between the ornamentation of the claimed designs and the ornamentation of the Tesla Semi. Instead, the FAC relies entirely on descriptions of Nikola's general design concepts and alleged overlap between the functional benefits of the claimed designs and the Tesla Semi.

***First***, with respect to Nikola's claimed door design, the FAC states that it functions to "g[i]ve the driver access to the cab without any obstacles in the driver's way" and provides "increased safety." (FAC at ¶¶ 22, 39, 103.) Without describing or identifying any ornamental similarities, the FAC then alleges that "Tesla's door is

substantially similar to Nikola's patented design," because "Tesla noted the 'easy entry and exit' of the vehicle." (*Id.* at ¶¶ 104, 106.) That is function, not ornamentation.

***Second***, with respect to Nikola's claimed fuselage design, the FAC generally states that "[t]he [Nikola] fuselage has an aerodynamic look that is a continuous line from the front of the vehicle through the roof" and then touts a functional attribute this "look" achieves: "[t]he Nikola One has a drag coefficient of around 0.37." (*Id.* at ¶¶ 21, 40, 84, 110.) Then without describing or identifying any ornamental similarities, the FAC baldly alleges that the "Tesla Semi fuselage is substantially similar to" the fuselage design claimed in the D'944 patent, apparently based on Tesla's statement that the "Tesla Semi has a drag coefficient of 0.36." (*Id.* at ¶¶ 87, 90.) Nowhere in the FAC does Nikola meaningfully compare the ornamental design aspects of the Tesla Semi with the figures from the D'944 patent. Indeed, the FAC omits figures 2, 5, and 6 of the D'944 patent entirely, as those figures show the claimed fuselage design from the top, front, and back, respectively, and plainly illustrate the dispositive dissimilarities between the claimed design and the Tesla Semi.

***Third***, with respect to Nikola's claimed windshield design, the FAC once more focuses exclusively on the *function* achieved by the claimed design, rather than its ornamental features: "[t]he [Nikola] wrap windshield provides drivers an unobstructed view of the road" and provides "a panoramic view of the road and the vehicle's surroundings." (*Id.* at ¶¶ 20, 38, 95.) Without describing or identifying any ornamental similarities (and completely ignoring the blatant differences), the FAC alleges that the Tesla Semi's windshield is similar to the claimed design because Tesla's windshield achieves the same function—*i.e.*, the driver of a Tesla Semi "has complete visibility of the road the surroundings, in part, because of the wrap windshield." (*Id.* at ¶¶ 96, 98.)

## III. LEGAL STANDARD

### A. Materials Considered In A Motion To Dismiss

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014). A court may properly take judicial notice of patents, as they are documents of the public record. *See Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993). Moreover, the Federal Circuit has confirmed that a court may consider photographs of the accused products when ruling on a motion to dismiss a design patent infringement claim. *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 (Fed. Cir. 2014) (citing *Parrino v FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) and *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)) (finding no error in district court's consideration of photographs of accused products because such images were "integral to the plaintiff's claims and their authenticity [was] not disputed"), *cert. denied*, 136 S. Ct. 142 (2015). When such evidence is considered, "a 'court need not [ ] accept as true allegations that contradict'" it. *Id.* at 931 (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)) (alteration in original).

**B. Pleading Design Patent Infringement**

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) (citation omitted); *see also Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) ("[I]t is the non-functional, design aspects that are pertinent to determinations of infringement."). Where a claim contains both ornamental and functional aspects, the court must separate them, because the scope of the design claim "must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Richardson*, 597 F.3d at 1293. The scope "must be ***limited to the ornamental aspects of the design, and does not extend to the broader general design concept***." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015) (internal quotations omitted) (emphasis added). As a result, "[d]esign patents have almost no scope" and are "limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

An accused product infringes a design patent when "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302-04 (Fed. Cir. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008)).[1] The ordinary observer is an "ordinary purchaser of the article charged to be an infringement." *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*, 162 F.3d 1113, 1116-17 (Fed. Cir. 1998), *abrogated on other grounds*, *Egyptian Goddess*, 543 F.3d 665. In conducting its analysis, a court conducts a side-by-side visual comparison. *See Crocs*, 598 F.3d at 1306-07; *Ethicon*, 796 F.3d at 1335. "There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

In some cases, "the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678. "Where the claimed and accused designs are sufficiently distinct and plainly dissimilar, the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon*, 796 F.3d at 1335 (quotations omitted).

Indeed, district courts routinely dismiss claims for design patent infringement under Rule 12(b)(6) for this very reason. *See, e.g.*, *Colida v. Nokia, Inc.*, 347 F. App'x 568, 571 (Fed. Cir. 2009) (affirming dismissal of claims because "dissimilarities far exceed the similarities"); *Vigil v. Walt Disney Co.*, 232 F.3d 911 (Fed. Cir. 2000)

---

[1] When comparing the respective designs, the proper comparison is between the patent claim and the accused design. *See, e.g.*, *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196 (Fed. Cir. 1995) ("The test for infringement is not whether the accused product is substantially similar to the patentee's commercial embodiment of the claimed design."), *abrogated on other grounds*, *Egyptian Goddess*, 543 F.3d 665. The FAC improperly relies on comparisons between Nikola's purported commercial embodiment of the patents and the design of the Tesla Semi. (*See* FAC at ¶¶ 19, 79, 81-87, 92-96, 100-104.) Nikola's claims fail under either comparison, but Tesla's arguments herein are based on the proper comparison between the patent claims and the accused Tesla Semi.

(unpublished table decision) (agreeing that "district court did not exceed its discretion in dismissing the action on the merits"); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, Case No. 18-CV-347-CAB-MDD, 2018 WL 2734881, at *4 (S.D. Cal. May 14, 2018) (dismissing claims because of "the plain distinctions between the two designs"); *Performance Designed Prods. LLC v. Mad Catz, Inc.*, Case No. 16cv629-GPC(RBB), 2016 WL 3552063, at *4 (S.D. Cal. June 29, 2016) (dismissing claims with prejudice, reasoning that "[a]fter a side-by-side comparison of the Accused Controller with the 'D078 Design Patent, . . . viewing the overall differences, the two designs are not 'substantially the same' and an ordinary observer would not be deceived into believing that the accused product is the same as the patented design"); *SCG Characters LLC v. Telebrands Corp.*, No. CV 15-00374 DDP (AGRx), 2015 WL 4624200, at *5 (C.D. Cal. Aug. 3, 2015) (dismissing claim because "the patented design and claimed design are sufficiently distinct that it is clear that [plaintiff] cannot satisfy the ordinary observer test").

## IV. ARGUMENT

### A. Nikola's Claim For Infringement Of The D'004 Patent Fails Because The Ornamental Aspects Of The Tesla Semi's Door Are Plainly Dissimilar From Nikola's Claimed Design.

#### 1. Nikola Fails To State A Claim For Infringement Of The D'004 Patent.

Nikola's FAC lacks allegations plausibly demonstrating similarities between the ornamental features of the Tesla Semi's door, on the one hand, and the non-functional design features claimed in the D'004 patent, on the other hand. Instead, Nikola bases its allegations of similarity on allegedly overlapping functions of the parties' respective designs—namely, that both designs allow an "ease of entering the vehicle through the mid-entry door." (FAC at ¶¶ 22, 39, 103-105.) Even if true,[2] this alleged functional similarity is irrelevant to the question of infringement and, if anything, undermines

[2] As shown below with photographs of the Tesla Semi fuselage, the Tesla Semi's door cannot be characterized as "mid-entry" because the door opens into the rear, and not the middle, of the cabin. Behind the exterior panel from the door to the rear of the fuselage is cutout and is not part of the Tesla Semi's cabin.

Nikola's claim. A "purely functional consideration is no basis for a finding of design patent infringement." *Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, 2013 WL 9760040, at *3 (W.D. Wash. Sept. 25, 2013), *aff'd*, 570 F. App'x 927 (Fed. Cir. 2014).

Consequently, Nikola's D'004 patent infringement claims must be dismissed. *See, e.g.*, *NuVasive*, 2018 WL 2734881, at *3 ("For its part, NuVasive fails, both in the complaint and in its opposition, to explain what ***ornamental features*** claimed in the '252 Patent are infringed by the Battalion Lateral Spacer, let alone argue that an ordinary observer would be deceived into thinking the accused product is the patented design." (emphasis added)).

**2. Nikola's D'004 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile.**

Dismissal of this claim should be with prejudice because the glaring dissimilarities between the two designs preclude Nikola from meeting its pleading standard even if amendment were allowed. *See id.* at *4 ("[B]ecause the plain distinctions between the two designs would render amendment futile, the dismissal is with prejudice."). Indeed, a simple side-by-side comparison of the Tesla Semi's door with the ornamental design claimed in the D'004 patent demonstrates the fatal flaws in Nikola's infringement claim:

| D'004 Patent Design[3] | Accused Tesla Design[4] |
|---|---|

[3] (*See* FAC, Ex. 4 at Figs. 1, 4.)

[4] These photographs are authenticated by the Luecht Declaration (*see* Luecht Decl. at ¶¶ 2-3, Ex. A), and are properly considered in connection with Tesla's motion to dismiss. *See Anderson*, 570 F. App'x at 932. Additional comparisons, including to figures from the FAC, are included in the Makker Declaration (*see* Makker Decl. at Ex. 5).

As this comparison shows, the Tesla Semi's door is a rectangle, while the door of the D'004 patent is not. From the top right to the top left, the D'004 door includes a sloped portion, followed by an even more sloped portion. By contrast, the Tesla Semi's door is simply flat across the top. The Tesla Semi's door also has sharp corners, whereas the corners are rounded in the claimed design. Further, the claimed door is shaped to follow the contours of the fuselage, as most clearly seen in Figures 1 and 5 of the D'004 patent. The Tesla Semi's door follows the contours of its fuselage as well, but the differences in the fuselages make the designs of the doors even more dissimilar. The Tesla Semi's door has a deep indentation that runs through the horizontal of the door. This distinct indentation is wholly absent in the claimed design.

These obvious differences would be readily apparent to an ordinary observer. Thus, an ordinary observer would "not be deceived into believing that the accused product is the same as the patented design." *Mad Catz*, 2016 WL 3552063, at *4

(dismissing design patent infringement claims with prejudice under Rule 12(b)(6)).

### B. Nikola's Claim For Infringement of the D'944 Patent Fails Because The Ornamental Aspects Of The Tesla Semi's Fuselage Are Plainly Dissimilar From Nikola's Claimed Design.

#### 1. Nikola Fails To State A Claim For Infringement Of The D'944 Patent.

Nikola fails to state a claim for infringement of the D'944 patent because the FAC does not (and cannot) allege facts that plausibly demonstrate similarities between the patent's claims and the ornamental features of the Tesla Semi's fuselage. Nikola instead attempts to base its infringement claim on allegations regarding the general design concept of a fuselage with "an aerodynamic look." (FAC at ¶ 21.) This impermissible attempt to expand the scope of the D'944 patent cannot save Nikola's claim from dismissal. As the Federal Circuit has explained, design patents do not cover a general design concept:

> We agree with the district court's claim construction, which properly limits the scope of the patent to its overall ornamental visual impression, ***rather than to the broader general design concept*** of a rocket-like tossing ball. We therefore reject OddzOn's contention that overall similarity of the "rocket-like" appearance is sufficient to show infringement.

122 F.3d at 1405 (emphasis added) (citation omitted).

Nor do design patents cover functional features. Nikola's allegations regarding the "aerodynamic[s]" and "drag coefficient[s]" of the parties' respective semi-truck designs must be ignored because those are functional characteristics of the designs which are outside the scope of the D'944 patent. (FAC at ¶¶ 21, 84, 87.) Nikola specifically alleges an aerodynamic design is necessary for an electric vehicle to have good range. (*See id.* at ¶ 118.) In other words, the general design concept of a rounded, aerodynamic shape is functional—it improves range—not ornamental.[5] *See OddzOn*, 122 F.3d at

---

[5] Moreover, Nikola's utility application touts this functionality. (*See, e.g.*, Makker Decl., Ex. 4 (U.S. Pat. App. Pub. 2018/0001942A1) at [0018] ("Applicant has further recognized that it is advantageous to provide a semi-truck having an aerodynamic shape."), [0037], [0051].) *See, e.g.*, *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016) (listing utility application on same design as a factor for

1404-06 (finding "overall similarity of the 'rocket-like' appearance" of two football designs insufficient to show infringement because the football shape and fins were "necessary to have a ball with similar aerodynamic stability" and were therefore functional). Accordingly, the overall rounded and aerodynamic appearance of the Tesla Semi's fuselage, which is the only alleged similarity between the fuselages identified in the FAC, is irrelevant to the infringement analysis and Nikola's claim for infringement of the D'944 patent should be dismissed under Rule 12(b)(6). *See, e.g.*, *NuVasive*, 2018 WL 2734881, at *3.

**2. Nikola's D'944 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile.**

Dismissal of the D'944 infringement claims should be with prejudice because amendment would be futile. Simple side-by-side comparisons of the top, rear, front, and side views of the Tesla Semi fuselage with the design claimed in the D'944 patent demonstrates the two are so substantially different that Nikola cannot plausibly allege a viable infringement claim.

a. Top And Rear Views Demonstrate Dissimilarities In Fuselage Designs.

| D'944 Patent Design[6] | Accused Tesla Design[7] |
|---|---|
|   |   |

---

finding a feature functional and not ornamental). Tesla requests that the Court take judicial notice of U.S. Pat. App. Pub. 2018/0001942A1 under Federal Rule of Evidence 201.

6 (*See* FAC, Ex. 2 at Figs. 2, 6.)

7 (*See* Luecht Decl. at ¶¶ 2-3, Ex. A.) *See also supra* note 4.




Back Of Claimed Design Is Entirely Flat

As the above comparison shows, the striking dissimilarity between the two fuselage designs is undeniable when viewed from the back and top—*i.e.*, the two views Nikola omitted from its FAC. These views confirm that there can be no infringement. First, the top view demonstrates that, in the patented design, the back edge of the top surface of the fuselage is a straight line. In stark contrast, the back edge of the top surface of the Tesla Semi is deeply curved rather than straight.

Second, the rear view shows that the back surface of the claimed design is flat and encloses the fuselage. The Tesla Semi, on the other hand, does not have a flat surface on the rear of the fuselage. Instead, the rear of the Tesla Semi's fuselage is cutout, revealing the mechanical structures that reside within the portion of the fuselage defined by the deep curve. These differences in the rear of the two fuselage designs are readily apparent to even a casual observer.

b. Front Views Of Fuselage Designs Further Illustrate Dissimilarities.

A head-on view shows even more fundamental differences between the two fuselage designs:

| D'944 Patent Design[8] | Accused Tesla Design[9] |
|---|---|
|  | |

The front of the claimed fuselage has a distinctive "v"-shape outlined in blue above. This "v"-shaped section includes a flat central portion, and two cut-out side portions (on the left and right) that are angled upward and away from the central portion. The front of the Tesla Semi's fuselage is very different. There is no "v"-shaped section at all. Instead, the front of the fuselage is straight and uniform across its entire width.

Nikola's FAC ignores all of these distinguishing characteristics of the two fuselage designs, basing its entire infringement claim *only* on conclusory allegations about the "continuous line from the front of the vehicle through the roof." (FAC at ¶¶ 21, 81-82.) But "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn*, 122 F.3d at 1405.

c. Even Nikola's Preferred Side View Confirms The Fundamental Distinctions Between Fuselage Designs.

The discussion above highlighting the clear distinctions in the top, rear, and front of the two designs already establishes the plain dissimilarity between the two designs. But even when the designs are viewed only from the side—as Nikola does in the FAC—they are still plainly dissimilar. To start, an ordinary observer would immediately

[8] (*See* FAC, Ex. 2 at Fig. 5.)

[9] (*See* Luecht Decl. at ¶¶ 2-3, Ex. A.) *See also supra* note 4.

recognize the differences in the outlines of the two designs, shown in purple in the pictures below.

D'944 Patent Design[10]

Even beyond the differences in overall shape, specific differences in the two designs would also be readily apparent to an ordinary observer. For example:

- At the lower right corner of the patented design, the rear and the bottom of the

[10] (*See* FAC, Ex. 2 at Fig. 4.)

[11] (*See* Luecht Decl. at ¶¶ 2-3, Ex. A.) *See also supra* note 4. Additional comparisons, including to figures from the FAC, are included in the Makker Declaration (*see* Makker Decl. at Ex. 6.).

fuselage meet at a right angle. In the Tesla Semi, the rear and bottom of the fuselage never meet at all, much less at a right angle. Instead, they are connected by an intermediate structure angled 45° relative to the rear and bottom.

- The claimed design also requires a notched indentation at the base of the windshield. The Tesla Semi does not have any corresponding indentation. Its surface is smooth and continuous.
- Following the line in the claimed design from the beak-like point in the front along the roof toward the rear of the fuselage, it is readily apparent that the large radius of curvature of this line causes the fuselage to extend far beyond the windshield. This design creates a much larger fuselage and cabin in the horizontal direction than the Tesla design, which has a much smaller radius of curvature, allowing for a shorter fuselage. Indeed, Nikola touts the elongation of its claimed design. (*See* FAC at ¶¶ 40, 85.)
- Moreover, from the rear to the front wheel, the claimed fuselage is straight and sits at a distance above the ground. By contrast, the Tesla Semi's fuselage sits close to the ground.

These distinctions—particularly when considered along with the distinctions readily apparent from the top, rear, and front views—demonstrate that an ordinary observer would not be deceived into thinking the two designs are the same. This claim should be dismissed with prejudice. *See, e.g.*, *NuVasive*, 2018 WL 2734881, at *3-4.

### C. Nikola's Claim For Infringement Of The D'968 Patent Fails Because The Ornamental Aspects Of The Tesla Semi's Windshield Are Plainly Dissimilar From Nikola's Claimed Design.

#### 1. Nikola Fails To State A Claim For Infringement Of The D'968 Patent.

Like the other two patents-in-suit, the FAC lacks allegations plausibly demonstrating similarities between the ornamental features of the Tesla Semi's windshield, on the one hand, and the non-functional design features claimed in the D'968 patent, on the other hand. Consequently, the claim for alleged infringement of the D'968

patent also must be dismissed. *NuVasive*, 2018 WL 2734881, at *3.

Ignoring the ornamental features of the claimed windshield design, Nikola focuses again on comparison of the supposed function of the claimed design and that of the Tesla Semi's windshield: "[t]he wrap windshield provides drivers an unobstructed view of the road" and "provide[s] a panoramic view of the road and the vehicle's surroundings." (FAC at ¶¶ 20, 38, 95.) Nikola's focus on functionality again undermines its claim. Functional aspects of the claimed windshield design play no part in the infringement analysis. *See, e.g.*, *Anderson*, 2013 WL 9760040, at *3.

Additionally, the scope of the D'968 patent is extremely narrow because Nikola has filed a utility application for a "Wrap Around Vehicle Windshield." (*See* Makker Decl. Ex. 4 (U.S. Pat. App. Pub. 2018/0001942A1).) A court may consider concomitant utility patents to determine whether functional aspects of a design should not be considered ornamental. *See, e.g.*, *Sport Dimension*, 820 F.3d at 1322. The figures of Nikola's utility application are similar to those in the patents-in-suit, and the application explains the utility and functionality of the windshield design. (*See, e.g.*, Makker Decl. Ex. 4 at [0018] ("Applicant has recognized that it is advantageous to provide a vehicle window or windshield, and particularly a semi-truck windshield, that allows a user to enjoy a wide visual perspective from an interior of the vehicle to the exterior of the vehicle."), [0035] ("A larger windshield 110 that wraps around the vehicle body 102 forming a continuous piece of transparent substrate can greatly increase the ability of a driver of the vehicle 100 to view obstacles and drive safely."), [0036] ("It should further be noted that a continuous wraparound windshield 110 can greatly enhance the aerodynamics of the vehicle 100.").) Accordingly, the scope of the D'968 patent should be construed as exceedingly narrow. *See, e.g.*, *Sport Dimension*, 820 F.3d at 1323 ("Because of the design's many functional elements and its minimal ornamentation, the overall claim scope of the claim is accordingly narrow.").

**2. Nikola's D'968 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile.**

As is true with the D'004 and D'944 patents, dismissal of the D'968 infringement claims should be with prejudice because no amendment could cure their defects. Considering the appropriate scope of the D'968 patent, to the extent there is ornamentation in the claimed design, the ornamentation of the two windshields are entirely dissimilar, as seen by a simple side-by-side comparison:

| D'968 Patent Design[12] | Accused Tesla Design[13] |
| --- | --- |

As shown above, the claimed windshield is a single, continuous, glass panel that extends from the left side of the truck, across the front, and terminates on the right side of the truck. There are no breaks or discontinuities in the panel anywhere along its length. By contrast, the Tesla Semi's windshield is discontinuous. It has four breaks which

---

[12] (*See* FAC, Ex. 3 at Fig. 5.)

[13] (*See* Luecht Decl. at ¶¶ 2-3, Ex. A.) *See also supra* note 4. Additional comparisons, including to figures from the FAC, are included in the Makker Declaration (*see* Makker Decl. at Ex. 7).

create five separate glass panels. As depicted in the photographs above, the first panel is on the front side of the truck and is rectangular in shape. This first panel has left and right boundaries defined by the two, thick, vertical black structures located where the front of the truck meets the side of the truck. The second and third panels are cone-shaped and are located on the left and right sides of the truck, immediately behind the two, thick, vertical black structures. Their front boundaries are defined by the same two, thick, vertical black structures, and their rear boundaries are defined by the two, thin, vertical black structures located just in front of the Tesla Semi's cab doors.[14] Finally, the fourth and fifth panels are located directly behind the second and third panels. Their boundaries are defined by the same two, thin, vertical black structures and they extend backwards to the end of their glass surface. Moreover, when viewed from the front, the claimed design has a very short vertical dimension, especially relative to its environment. By contrast, the front pane of glass in the Tesla Semi is huge, immediately drawing the attention of any observer.

The Tesla Semi's windshield further differs from the claimed windshield because it is ornamented with five lights along the top of the front glass panel. This is in stark contrast to the claimed design, which lacks any ornamentation within the boundaries of its glass panel.

In light of these clear and substantial differences, the Tesla Semi cannot infringe the D'968 patent and this claim should be dismissed with prejudice as any amendment would be futile. *See, e.g.*, *NuVasive*, 2018 WL 2734881, at *3-4.

**V. CONCLUSION**

For the reasons stated above, the Tesla Semi design does not infringe any of the patents-in-suit, and no manner of amendment to the FAC will change that. Tesla respectfully requests that the Court dismiss the FAC with prejudice.

---

[14] Indeed, these two panels are separately moveable as shown in the photographs.

DATED this 9th day of July, 2018.

OSBORN MALEDON, P.A.

By s/ Eric M. Fraser
Eric M. Fraser
Colin M. Proksel
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793

LATHAM & WATKINS LLP
Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538

Matthew J. Moore, *admitted pro hac vice*
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304

Clement J. Naples, *admitted pro hac vice*
885 Third Avenue
New York, NY 10022-4834

Attorneys for Defendant Tesla, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

s/ Rebecca Warinner