1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus (002687)
K. Reed Willis (028060)
lbeus@beusgilbert.com
rwillis@beusgilbert.com

*Attorneys for Plaintiff Nikola Corporation*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation, | Case No.: 2:18-cv-01344-GMS |
| Plaintiff, | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| Tesla, Inc., a Delaware corporation, | HON. JUDGE G. MURRAY SNOW |
| Defendant. | |

1

**TABLE OF CONTENTS**

2

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................. 1

III.   LEGAL STANDARD .............................................................................................. 3

IV.    ARGUMENT ........................................................................................................... 6

       A.    Nikola alleged that the Tesla Semi is substantially similar to the
             Asserted Patents with specific reference to industry insiders ............................ 6

       B.    A world famous automotive designer has found that the Tesla
             Semi is substantially similar to Nikola's designs. ............................................. 7

       C.    The Tesla Semi is not plainly dissimilar from the Asserted
             Patents. ................................................................................................................. 8

             1.    The Tesla Semi's windshield is not plainly dissimilar from
                   Nikola's patented design ......................................................................... 8

             2.    The Tesla Semi fuselage is not plainly dissimilar from
                   Nikola's patented design ....................................................................... 11

             3.    The Tesla Semi door is not plainly dissimilar from
                   Nikola's patented design ....................................................................... 16

V.     CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 3

*Bentley Motors Ltd. Corp. v. McEntegart*, 899 F. Supp. 2d 1291 (M.D. Fla. 2012) ......................................................................................................................... 11

*Bobcar Media, LLC v. Aardvarek Event Logistics, Inc.*, No. 16-cv-00885 (JPO), 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017) ..................................................... passim

*Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815 (Fed.Cir.1992) ........................ 4

*Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294 (Fed. Cir. 2010) ........................ 4

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) ........................ 4, 10, 15

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015) ...................... 4

*Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357 (Fed. Cir. 2013) ........................ 3

*OddzOn Products Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997) ........................ 12

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985 (Fed.Cir.1993) ................ 4, 9, 14

*Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010) ........................ 3

*Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373 (Fed. Cir. 2002) ........................ 11

*Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316 (Fed. Cir. 2016) ................ 12, 13

I.      **INTRODUCTION**

Tesla's motion to dismiss must be denied. Tesla attempts to impose a standard of pleading not found in design patent cases, namely that Nikola should have described the similarities between Tesla's infringing product and Nikola's patents. However, this is not the standard. The focus on design patent and the infringing article is based on figures and pictures. Importantly, the Federal Circuit has cautioned courts about describing a design patent in words. Such standard should also apply to pleading a design patent case.

Tesla also argues that the complaint and patents themselves rely on functional aspects and not ornamental appearance. But Tesla ignores what was alleged in the complaint. Nikola cited several articles from industry observers that noted that the Tesla looked similar to the Nikola. Further, Nikola included allegations from an industrial designer that opined the Tesla Semi infringes on Nikola's patents.

Lastly, comparing the Asserted Patents and Tesla's infringing product, it is clear that the Tesla Semi is substantially similar to the Asserted Patents. Both windshields appear to be continuous, wrap onto the door, and have similar lines and angles. Similarly, the overall appearance of Tesla fuselage copies the Fuselage Patent, including the lines of the vehicle when viewed from a bird's eye view, a front view and side view. Tesla's mid-entry door is in a similar location and the same general shape of Nikola's. The case for infringement is strengthened when comparing the Asserted Patents and the Tesla Semi with the prior art. Based on this comparison, it is clear that the Asserted Patents conspicuously departed from the prior and that the Tesla Semi copied that feature. As such, Nikola has properly pled its case against Tesla, and the Court should deny Tesla's motion.

II.     **FACTUAL BACKGROUND**

Tesla attempts to paint itself as the company that will revolutionize the trucking industry. Tesla's revisionist take on the industry is not surprising. Several other alternative

fuel trucking companies including Nikola made great progress in this area before Tesla announced that it would build a semi truck. Nikola, by far, has had the most success with over 7,000 pre-orders. In fact, customers that have purchased from Nikola and Tesla buy more trucks from Nikola. In December 2015, Nikola applied for patent protection on the design features of its vehicle. As alleged in the complaint, on May 9, 2016, Nikola released its first picture of the Nikola One and touted that Nikola would lead a revolution in the trucking industry. Nikola's success was well publicized including the number of orders and the total value of those orders. In 2018, Nikola was issued three design patents: U.S. Pat. D811,944 (the "'D944 Patent" or the "Fuselage Patent"); D811,968 (the "'D968 patent" or the "Wrap Windshield Patent"); D816,004 (the "'D004 patent" or the "Side Door Patent") (collectively, the Asserted Patent).

It was only after Nikola established the success and interest in alternative fuel that Tesla announced that it would be building its semi truck on July 20, 2016. By that time, Tesla knew of Nikola and had seen Nikola's designs. Tesla's apparent strategy, much like Samsung's approach to smartphones, was to copy the industry leader's design. And on November 7, 2017, when Nikola expressed its concerns that Tesla was violating its intellectual property and not competing fairly, Tesla ignored the warning. Tesla finally revealed two versions of its Semi on November 16, 2017. Both versions infringe the Asserted Patents.

Now Tesla argues that the Amended Complaint lacks "any allegations even purporting to demonstrate similarity" between Nikola's patents and Tesla's infringing Semi. Tesla seems to believe that the complaint must spell out with words the similarities between Nikola's design and Tesla's infringing product. This approach is inviting the court to adopt a pleading standard not found in design patent cases, and something that the Federal Circuit has not adopted. Design patent complaints routinely include a picture of the infringing

product next to the protected design; nothing more is included. Declaration of K. Reed Willis, Exhibits 1-3.

Here, Nikola alleged that there are similarities between the ornamental design of Nikola's patents and Tesla's semi-trucks. Nikola supported these allegations with references to industry articles, including an article noting that the Tesla is "very similar" to the Nikola.

## III.   **LEGAL STANDARD**

"The factual allegations must raise a right to relief above the speculative level and must cross the line from conceivable to plausible." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). In other words, a complaint survives a motion to dismiss when, as here, the complaint states enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Importantly, the Federal Circuit has outlined five elements of a patent infringement pleading: "(1) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall* 705 F.3d at 1362 (allowing a design patent case to go forward because it alleged the infringing product was "virtually identical" and included pictures). Alleging these elements provide "enough detail to allow the defendant to answer and that Rule 12(b)(6) requires no more." *Id*. On a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Id*.; *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). Infringement of a design patent occurs when an accused product "applies the patented design, or *any colorable imitation* thereof, to any

3

article of manufacture . . . ." 35 U.S.C. § 289 (emphasis added). Infringement (and therefore a colorable imitation as well) is analyzed from the perspective of the "ordinary observer, familiar with the prior art, would be deceived into believing that the accused design is substantially the same as the patented design." *Rapha Products Group, LLC v. Skullcandy, Inc.*, No. 1:10-cv-3388-JEC, 2012 WL 13005372, at *3 (N.D. Ga. Aug. 13, 2012). In applying the "ordinary observer" test, the Court focuses on the overall appearance of the design rather than particular elements or minor differences. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302-04 (Fed. Cir. 2010). "Differences ... must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). Importantly, infringement is likely "[i]f the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008). The patented and accused designs do not have to be identical in order for design patent infringement to be found. *See Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed.Cir.1992). In fact, "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990–91 (Fed.Cir.1993) (citations omitted).

*Bobcar Media* is a perfect example of how courts apply this analysis in a motion to dismiss. *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-00885 (JPO), 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017). There, the plaintiff Bobcar Media owned several design patents for promotional vehicles. *Id*. at *4-5.

4



Bobcar sued Aardvark for infringing its design patents, alleging that Aardvark's vehicle was substantially similar to Bobcar's patents. *Id*. at *5.



Aardvark filed a motion to dismiss claiming that its vehicles are plainly dissimilar. For example, the patented design has a straight line while the accused vehicles are rounded. Further, the patented design has a cover over the front wheel while the accused vehicles did not. The court denied the motion because "these designs are sufficiently similar so as to deceive an ordinary observer." *Id*. The court further explained, "Bobcar's allegations that the similarity is sufficient to deceive an ordinary observer, and that the designs are 'virtually identical' are plausible. At this stage, that is enough." *Id*.; *see also* Willis Decl., Ex. 1.

5

## IV.   **ARGUMENT**

Tesla's motion uses sleight of hand to distract the Court from the allegations in the complaint and the inferences that must be drawn in favor of Nikola. Instead, Tesla mischaracterizes Nikola's allegations, the Asserted Patents, and the pictures of its own vehicle. Tesla's motion fails for three reasons. *First*, Nikola alleged in its complaint that people in the trucking industry have found that the Tesla Semi is similar to Nikola's designs. *Second*, Nikola alleged that an expert in the industry opined that the Tesla Semi infringes the Asserted Patents. *Third*, the Tesla Semi (both versions) is not plainly dissimilar from the Asserted Patents, especially when viewed in light of the prior art identified in the complaint. Tesla's motion must be denied for these reasons, either individually or collectively.

### A.   **Nikola alleged that the Tesla Semi is substantially similar to the Asserted Patents with specific reference to industry insiders.**

In the Amended Complaint, Nikola identified articles from industry insiders that described the Tesla Semi as having a similar design. For example, Quality, a semi-truck leasing company, noted, "Nikole One is also a very modern looking truck; surrounded by panoramic windows on all sides with an aero-dynamic design. Drivers can tell instantaneously that this truck is not like ones they've seen before." That is, Quality noted the design of the window and the design of the fuselage, and that the truck is distinct from all other semi-trucks on the market. Quality also said, "Like the Nikola [the Tesla Semi] is a truck that has a space-age look and feel to it." Surely, if the only Nikola design features mentioned by Quality were the windows and fuselage and that the Tesla Semi has a similar look and feel to it, then, at the pleading stage, the Nikola design and the Tesla Semi are substantially similar (or not plainly dissimilar).

Similarly, on May 1, 2017, Truck Trend published an article based on an early photo of the Tesla Semi and compared it to the Nikola One. The article described "the truck's

6

extreme cab-forward form factor" and "wraparound front glass." Truck Trend also said, "[T]he [Tesla Semi] looks very similar to another futuristic-propulsion semi concept, the Nikola One." Truck Trend also provided a picture of the Tesla Semi and the Nikola One. Truck Trend, as an ordinary observer in the industry, noted two design features of the Tesla Semi and concluded that it "looks very similar" to the Nikola One.

Lastly, Engadget reported on Nikola's suits against Tesla. There, Engadget specifically noted Nikola's design patents and the Tesla Semi, and pointed out that there are similarities. These allegations are enough at the pleading stage. *Bobcar*, 2017 WL 74729, at *5. These are factual allegations and all reasonable inferences must be drawn in Nikola's favor. Tesla passingly dealt with these articles by claiming they discuss general design similarities. Instead, Tesla asks the Court to replace what ordinary observers have already found (that the Tesla Semi is not plainly dissimilar from the Nikola design) for the Court's own opinion. But this is wholly improper; any argument about the articles is a fact question that cannot be resolved at this stage.

**B.**     **A world famous automotive designer has found that the Tesla Semi is substantially similar to Nikola's designs.**

Not only did Nikola cite industry observers in the complaint, it also alleged that an automotive design expert has reviewed Nikola's patents and Tesla's images and found that they are substantially similar. [¶ 107] This expert, Fabio Filippini, was the former Vice President of Design and Chief Creative Officer at Pininfarina, one of the world's most prestigious design houses. He opined that the fuselage, windshield and mid-entry door of the Tesla infringe on Nikola's design patents. Significantly, Mr. Filippini opinion *confirms* what industry observers have already concluded: the Tesla Semi is substantially similar to the Asserted Patents.

7

C.      **The Tesla Semi is not plainly dissimilar from the Asserted Patents.**

At the heart of Tesla's motion is an invitation to ignore the allegations in the complaint and for the Court to make a factual and legal determination that Tesla cannot infringe Nikola's design patents. But even Tesla's conclusory arguments that its Semi is "plainly dissimilar" from Nikola's design is wrought with misdirects that ignore the overall design and emphasize functional and trivial differences between Tesla's infringing product and Nikola's patented design.

1.      **The Tesla Semi's windshield is not plainly dissimilar from Nikola's patented design.**

Tesla argues that its windshield is plainly dissimilar for three reasons. First, Tesla argues that "breaks and lack of transparency" in its windshield distinguish it from the patented design. Second, Tesla argues that its windshield comes in separate panes and therefore cannot infringe. Third, Tesla claims that its marking lights make its truck dissimilar from the Asserted Patents. These arguments ignore the plain observation made by ordinary observers that the windshields are similar. This is especially true when viewed in light of the prior art.

Tesla claims that the patent requires a "single pane" with "no breaks" and with "transparency throughout." This laughable conclusion flies in the face of simple facts. Trucks and cars have vertical supports called pillars throughout the vehicle. The pillar at the front is called an "A pillar." The Nikola has an A pillar. Indeed, it needs one for safety purposes. The only question is the ornamental design of the windshield, here, the appearance of a continuous wrap windshield, even one with breaks.[1] Transparency (a supposed

---

[1] Importantly, the patented design does allow for breaks in windshields as the ornamental design wraps around the front of the truck and through the door.

difference identified by Tesla) goes to functionality and not ornamental design – thus, Tesla is making the exact error that it claims Nikola committed.

Tesla also argues that because its marking lights are within the boundary of its windshield that somehow it does not infringe Nikola's patent. Nikola's patent is agnostic as to the lights. Rather, the focus is on the overall appearance of the windshield itself. The lights are minimal; and the Tesla Semi is still a colorable imitation of Nikola's patented design. *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990–91 (Fed.Cir.1993).

The Windshield patent depicts a windshield that stretches from door-to-door. The windshield on the door (starting from the bottom), slopes upwards to an acute angle. The lower edge of the windshield slopes downwards to the front of the windshield. From the front, the bottom edge of the windshield is narrower than the top edge. Willis Decl., Ex. 4.

The overall ornamental design of the Tesla Semi is substantially similar to the Nikola. Beginning with the side view, the bottom corner of the windshield is a rounded corner (an obtuse angle) that slopes up to the top corner, which is an acute angle. Moving from the bottom corner of the windshield to the front of the windshield, the bottom edge of the window slopes down toward the front of the windshield. The front of the windshield runs flat. From the front, the top part of the windshield is larger than the bottom. Importantly, Tesla paints the windshield area black, which emphasizes and suggests a continuous wrap windshield. With these similarities, it can hardly be said that the Tesla windshield is plainly dissimilar from Nikola's patented design. *Id.*

**Windshield Comparison**



A simple comparison with the prior art cited in the complaint emphasizes how similar the Tesla windshield and Nikola's design are. Before Nikola, semi-trucks generally had three distinct windows (front and two sides) that were separated by an A pillar that was painted to match the fuselage. This created an overall appearance of three separate windows. Further, the shape of the windows was generally square without the sloping side windows. The Nikola departed from the prior art, the Tesla Semi copies Nikola's departure from the prior art, and Tesla likely infringes. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).

| Prior Art | Nikola patented design | Tesla |
|---|---|---|
|  | | |

Further, Nikola alleged these facts in its amended complaint. (¶¶ 91-98). Nikola also cited several industry articles that describe the panoramic windows of the Nikola design.

[¶ 128] And the articles point out that the Tesla looks similar to the Nikola. [¶ 127] As such, Tesla's semi is not plainly dissimilar, Nikola has stated a claim for relief, and Tesla's motion must be denied.

### 2.   The Tesla Semi fuselage is not plainly dissimilar from Nikola's patented design.

Tesla argues (incorrectly) that the Fuselage patent is directed towards function because it is aerodynamic. Therefore, according to Tesla, the patent is narrow and Tesla cannot possibly infringe. Tesla is only able to reach this conclusion by misrepresenting cases it cites and the scope and use of automotive design patents.

First, just because a design is aerodynamic, it does not mean that the design is functional and must be interpreted narrowly. There are a variety of designs that can achieve the "same aerodynamic effect." *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002) (finding that an oval shape of a mirror does not dictate function because the mirror is "aerodynamic" and finding many designs can have the "same aerodynamic effect"). Tesla admitted in its answer that it needs an aerodynamic design to achieve its mileage. But instead of coming up its own unique design, Tesla copied Nikola – the company that has the most preorders of any alternative fuel trucking company.

Vehicle companies routinely obtain design patents for a vehicle's appearance.[2] In fact, Tesla itself has patents on its vehicle designs. U.S. Pat. Nos. D809,971; D683,268. Vehicle companies also enforce these patents. *E.g.*, *Bentley Motors Ltd. Corp. v. McEntegart*, 899 F. Supp. 2d 1291 (M.D. Fla. 2012) and *Bobcar*, 2017 WL 74729. Yet, function has not limited

---

[2] Ferrari has several design patents on its vehicles. *E.g.*, U.S. Pat. Nos. D665,307; D665,306; D630,552; D629,720.

these patents. If Tesla's position was correct, then its own design patents are functional, as it admits, it needs aerodynamic vehicles to achieve its range estimates.

Tesla arrives at its untenable position by distorting the *OddzOn* and *Sport Dimension* cases. In *OddzOn Products Inc. v. Just Toys, Inc.*, a company manufactured a football with a tail and fins and obtained a patent on its design. 122 F.3d 1396, 1399 (Fed. Cir. 1997); OddzOn sued a competitor for design patent infringement. The competitor sought to invalidate the design based on prior art with the general design concept of a ball with a tail and fins. The court held that the prior art did not invalidate OddzOn's patent. The Federal Circuit agreed, reasoning that "the presence of a tailshaft and fins has been shown to be necessary to have a ball with similar aerodynamic stability to OddzOn's commercial embodiment, such general features are functional and thus not protectable." *Id*. at 1404. Thus, the prior art did not invalidate the *ornamental* features of the OddzOn ball. As to infringement, the court "noted the ornamental features that produced the overall 'rocket-like' appearance of the design." *Id*. at 1405. The court rejected OddzOn's contention that the overall similarity of the "rocket-like" appearance (instead of the specific ornamental aspects of OddzOn's ball) was sufficient to show infringement. *Id*. 1399-1400, 1405-06.

Tesla blends the court's invalidity (tail and fins necessary to achieve aerodynamic effects) and infringement (rocket-like shape) holdings. Here, there is no evidence that Nikola's fuselage design is necessary to create the aerodynamics effects for an alternative fuel vehicle. Assuming that Nikola's design is necessary and the only one that works (as Tesla appears to be doing here) is an unreasonable inference. Tesla is left arguing that Nikola's design is a general concept. But that argument fails based on an examination of the pictures.

Tesla cites *Sport Dimension* for the idea that a utility patent necessarily limits a design patent. During claim construction, a district court eliminated features of a design patent by

12

referencing a utility patent. *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1319-20 (Fed. Cir. 2016). On appeal, the Federal Circuit reversed a finding of non-infringement because a design patent "covers the overall ornamentation" rather than one "that covers individual elements." *Id*. at 1322. That is, design patents "protect the overall ornamentation of a design, not an aggregation of separable elements." *Id*. The *Sport Dimension* court further explained that "in no case did we entirely eliminate a structural element from the claimed ornamental design, even though that element also served a functional purpose." *Id*. at 1321. In other words, the Federal Circuit ordered that the design patent case continue even though there was a similar utility patent and the design had functional aspects to it.

Tesla points out several specific features that it claims renders its Semi plainly dissimilar from the Fuselage patent. This is nothing more than attempt to look at elements of the design, focus on minor differences, and ignore the overall design protected by Nikola's patent. But those features actually support a finding that the Tesla Semi is similar to Nikola's patented design. For example, Tesla argues that the Fuselage patent has a notch under the windshield while the Tesla does not. This is preposterous. A careful examination of the Tesla Semi shows that it has a ridge running under the windshield forming a distinct notch. Willis Decl., Ex. 5. The top view shows that both trucks taper from the rear of the fuselage to the front. The taper has the same slope. The nose of the Tesla has the same curvature as the Fuselage Patent. Viewing the vehicle from the front, the Nikola dips from the sides to the nose of the vehicle. Despite Tesla's contrary representation, the Tesla appears to come in over its fender and form a similar shape over the bumper. Both vehicles have a sloping line from the front of the vehicle through the top.



Tesla points to what it considers to be major differences between the two fuselages. For example, Tesla argues that because the back end of the Tesla fuselage is a cutout and not a hard right angle that the two designs are plainly dissimilar. Tesla also points to the curvature in the rear of the fuselage as a major difference. But there is no evidence that an ordinary observer would find these differences to be important. Further, small changes do not prevent a finding of infringement. *Payless*, 998 F.2d at 990–91.   The designs (the Fuselage Patent and the two versions of Tesla's Semi) are similar enough that the Court should deny Tesla's motion. *Bobcar*, 2017 WL 74729, at *5.

In Tesla's efforts to distinguish its design from Nikola's patented design, it ignores the evidence from people familiar with the industry that have said the Tesla Semi is similar to Nikola's design. Quality described Nikola' truck as having an "aerodynamic design." Another reporter described the Nikola as "Tron-like." Other reports have used similar language to described the Tesla Semi and specifically linked it to the Nikola. For example, Truck Trend said that the Tesla Semi "looks very similar" to the Nikola One. Further, Nikola specifically alleged that Tesla infringed the ornamental design of the fuselage. [¶¶ 80-90]

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Based on these allegations, Nikola has sufficiently alleged that Tesla infringed the Fuselage patent and Tesla's motion must be denied. *Bobcar*, 2017 WL 74729, at *5.

Further, Nikola's patented design is a drastic departure from the prior art. Again, a simple comparison between the prior art, the Nikola design and the Tesla Semi shows that the Nikola and Tesla are substantially similar over the prior art.



The prior art included in the complaint, and which must be accepted as true, shows that traditional semi-trucks were angular and boxy with several distinct lines. Conversely, the Nikola and Tesla give the overall appearance of one continuing line from the nose of the fuselage through the roof of the vehicle. Because the Nikola design is such a drastic departure from the prior art and the Tesla is similar to the Nikola, infringement is likely, *Egyptian Goddess*, 543 F.3d at 676, and the motion must be denied.

BGD-#226690-v3-Response_(MTD)

### 3.   <u>The Tesla Semi door is not plainly dissimilar from Nikola's patented design.</u>

Tesla claims that Nikola failed to state a claim for relief because it pointed out functional similarities of the doors in the complaint and that the two doors are dissimilar. Tesla's argument fails for multiple reasons. First, Nikola's complaint contained more than just functional allegations. Second, the doors are not plainly dissimilar.

***First***, Tesla claims that the amended complaint is based on similarities "on allegedly overlapping functions" of the parties designs. Nonsense. Nikola included reference to ease of entry in both vehicles to demonstrate that door was important to both companies. Nikola also alleged that the door was ornamental and infringed by Tesla. This is sufficient at the pleading stage. *Bobcar*. Further, Nikola alleged that no other semi-truck has a mid-entry door.



| Prior Art | Nikola patented design | Tesla |
|---|---|---|

Here, the door on the prior art is at the front of the cab. Comparatively, the Nikola design and Tesla Semi moved the door from the front of the cab. The placement of Tesla's door, when viewed in the light of the prior art, shows that infringement is likely.

Second, Tesla's door is not plainly dissimilar from the Nikola design. The placement of the doors is a unique feature. Willis Decl., Ex. 6. Further, both doors are generally rectangular. Both doors leave some stairs exposed. Any difference is minor and does not prevent a finding of infringement.

1
2
3
4
5
6
7
8
9
10



| Mid-Entry Door Comparison |

11
12

## V.  CONCLUSION

13 Tesla's motion must be denied. Nikola's complaint identifies the similarities between
14 the Nikola ornamental design and Tesla's Semi through the use of pictures. Nikola also cited
15 statements from industry insiders that identified Nikola's ornamental features and said that
16 the Tesla looked like the Nikola. Despite this evidence, which must be accepted as true,
17 Tesla argues that there is no infringement by focusing on specific features. But design
18 patents must be viewed as a whole and not on an element or feature basis. The Tesla Semi is
19 similar to the Windshield, Fuselage, and Mid-entry Door patents. As such, the motion must
20 be denied.

21 DATED this 3rd day of August 2018

22
23                                   **BEUS GILBERT PLLC**

24
25                                   By___*/s/ K. Reed Willis*_____
26                                       Leo R. Beus
                                        K. Reed Willis
27                                       701 North 44th Street
                                        Phoenix, AZ 85008-6504
28                                      Attorneys for Plaintiff

17

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on August 3, 2018, I electronically transmitted the foregoing

4

document to the Clerk's Office using the ECF System for filing and transmittal of a Notice

5

of Electronic Filing to the following ECF registrants:

6

Eric M. Fraser | efraser@omlaw.com

7

Colin Proksel | cproksel@omlaw.com
OSBORN MALEDON, P.A.

8

2929 North Central Avenue, Suite 2100
Phoenix, AZ 85012

9

10

Clement J. Naples | clement.naples@lw.com (admitted *pro hac vice*)
LATHAM & WATKINS LLP

11

855 Third Avenue

12

New York, NY 10022-4834

13

Matthew J. Moore | matthew.moore@lw.com (admitted *pro hac vice*)

14

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000

15

Washington, DC 20004-1304

16

Perry J. Vicounty | perry.viscounty@lw.com (admitted *pro hac vice*)

17

Amit Makker | amit.makker@lw.com (admitted *pro hac vice*)
LATHAM & WATKINS LLP

18

505 Montgomery Street, Suite 2000

19

San Francisco, CA 94111-6538

20

Attorneys for Defendant

21

22

_____ */s/ K. Reed Willis* _____

23

24

25

26

27

28

BGD-#226690-v3-Response_(MTD)