1 | Eric M. Fraser, No. 027241
Colin M. Proksel, No. 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
efraser@omlaw.com
cproksel@omlaw.com

Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
(415) 391-0600
perry.viscounty@lw.com
amit.makker@lw.com

Clement J. Naples, *admitted pro hac vice*
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
clement.naples@lw.com

Matthew J. Moore, *admitted pro hac vice*
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200
matthew.moore@lw.com

Attorneys for Defendant Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>Defendant. | No. CV-18-01344-PHX-GMS<br><br>**TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**(Oral Argument Requested)** |

## I. INTRODUCTION

Nikola's First Amended Complaint ("FAC") fails to state a claim for design patent infringement. Nor could it state such a claim, given the clear dissimilarities between the Tesla Semi and Nikola's patented designs. Accordingly, the FAC should be dismissed with prejudice, as explained in detail in Tesla's moving brief.

Nikola's opposition brief fails to offer any legally cognizable basis on which to save the FAC from dismissal. Nikola does not even attempt to distinguish the substantial body of analogous cases cited by Tesla where design patent infringement claims were dismissed with prejudice at the pleading stage. (*See* Moving Br. at 5-6.) Nikola does not meaningfully address the significant differences between the parties' respective designs that are apparent in Tesla's side-by-side comparisons. (*See id.* at 8, 10-13, 16.) Instead, Nikola seeks to avoid dismissal by simply ignoring the substantial differences identified by Tesla, and relying on the FAC's conclusory statements, out-of-context quotations, and misleadingly cherry-picked prior art. Nikola's arguments are unavailing.

In short, Nikola's FAC must be dismissed with prejudice because the obvious dissimilarities shown in the side-by-side visual comparisons included in Tesla's moving brief establish that an ordinary observer would not mistake a Tesla Semi for Nikola's patented designs. In these circumstances, there can be no infringement as a matter of law and the FAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Courts Routinely Dismiss Complaints For Design Patent Infringement When There Is No Plausible Claim.

Nikola incorrectly asserts that Tesla seeks "to impose a standard of pleading not found in design patent cases." (Opp. at 1.) The pleading standard is no different for design patent cases than other cases. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also id.* at 679-81 (identifying and ignoring "bare assertions" in the complaint that were "conclusory and not entitled to be assumed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

as true"); *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931-34 (Fed. Cir. 2014) (quoting *Iqbal* and affirming dismissal of design patent infringement claim). A complaint must ***show*** that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Tesla's motion is based on the established manner in which the general pleading standard is applied in the design patent context. Specifically, the case law mandates that "'[w]here the claimed and accused designs are "sufficiently distinct" and "plainly dissimilar," the patentee fails to meet its burden of proving infringement as a matter of law'" and the complaint should be dismissed for failure to state a claim. *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-347-CAB-MDD, 2018 WL 2734881, at *3 (S.D. Cal. May 14, 2018) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015)) (dismissing claims with prejudice where "the differences between the two designs as evident from the illustrations and photographs . . . make NuVasive's infringement claim implausible").

Courts routinely grant motions to dismiss in design patent cases where infringement is implausible. *See, e.g.*, *Colida v. Nokia, Inc.*, 347 F. App'x 568, 571 (Fed. Cir. 2009) (affirming dismissal of claims because "dissimilarities far exceed the similarities"); *Performance Designed Prods. LLC v. Mad Catz, Inc.*, Case No. 16cv629-GPC(RBB), 2016 WL 3552063, at *4 (S.D. Cal. June 29, 2016) (dismissing claims with prejudice, reasoning that "[a]fter a side-by-side comparison of the Accused Controller with the 'D078 Design Patent, . . . viewing the overall differences, the two designs are not 'substantially the same' and an ordinary observer would not be deceived into believing that the accused product is the same as the patented design"); *SCG Characters LLC v. Telebrands Corp.*, No. CV 15-00374 DDP (AGRx), 2015 WL 4624200, at *5 (C.D. Cal. Aug. 3, 2015) (dismissing claim with prejudice because "the patented design and claimed design are sufficiently distinct that it is clear that [plaintiff] cannot satisfy the ordinary observer test"); *OurPet's Co. v. IRIS USA, Inc.*, No. 1:14 CV 1642, 2015 WL 12780599, at *2-3 (N.D. Ohio Mar. 23, 2015) (dismissing complaint with prejudice after

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

comparing patent drawings to photographs of accused product and finding portions "plainly dissimilar" such that "an ordinary observer would not be induced to buy one supposing it to be the other"); *Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, 2013 WL 9760040, at *2-3 (W.D. Wash. Sept. 25, 2013), *aff'd*, 570 F. App'x 927 (Fed. Cir. 2014) (granting 12(c) motion after performing "a side-by-side comparison" and concluding that "[n]o amendment of [the] complaint could overcome the plain differences between [the] claimed design and the accused products."); *MSA Prods, Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540-41 (D.N.J. 2012) ("[Plaintiff] ***is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage***. . . . [M]any courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement." (emphasis added) (collecting cases)).[1]

Nikola cannot rest on conclusory allegations of similarity that ignore the plain dissimilarities between its claimed designs and the corresponding portions of the Tesla Semi. Nikola relies on *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) to argue that such conclusory allegations should be accepted as true. (Opp. at 3.) This exact approach was recently rejected in *NuVasive*:

> NuVasive would have the Court ignore the obvious differences between the claimed and accused products and deny the motion to dismiss simply because the complaint contains the conclusory allegation, contradicted by the comparison of the illustrations and photographs in the complaint, that an ordinary observer would be deceived into thinking that the accused product was actually the patented design. For this argument, NuVasive relies on *Hall* . . . . Due to the obvious differences between the claimed design and the [accused product] . . . NuVasive does not satisfy the fourth element [of *Hall*] because it does not state the means by which Alphatec infringes . . . .

---

[1] The lone case Nikola cites, *Bobcar Media*, does not require a different result. (Opp. at 4-5.) There is no indication that the *Bobcar Media* court considered the differences identified by Nikola and rejected them. *See Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 WL 74729, at *5 (S.D.N.Y. Jan. 4, 2017). Rather, the *Bobcar Media* court simply found the claims to be "plausible." *Id.* Here, Nikola's infringement claims are not plausible in light of the significant differences shown in Tesla's moving brief.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*NuVasive*, 2018 WL 2734881, at *4. The same reasoning applies here. Moreover, *Hall* is distinguishable because, contrary to Nikola's suggestion (*see* Opp. at 3), *Hall* did not turn merely on the plaintiff's conclusory allegation that the accused product was virtually identical to the patented design. *See Hall*, 705 F.3d at 1362-64 (finding district court applied wrong infringement test and identifying specific allegations in "lengthy complaint" making claims "plausible").[2]

### B. Nikola Ignores Obvious Differences That Would Be Apparent To An Ordinary Observer.

Nikola cannot "ignore the obvious differences between the claimed and accused products" and expect the FAC's conclusory allegations to save it from dismissal. *NuVasive*, 2018 WL 2734881, at *4. But that is exactly the result that Nikola requests. Nikola argues that Tesla raises only "trivial differences" between the claimed and accused designs and asks the Court to ignore them. (Opp. at 8.) But "[c]ontrary to [Nikola's] intimation, differences between patented and accused designs are not irrelevant" and should be considered. *FMC Corp. v. Hennessy Indus., Inc.*, 836 F.2d 521, 527-28 (Fed. Cir. 1987). And the differences Tesla has identified are hardly trivial, as explained in Tesla's moving brief and below. Indeed, yesterday the USPTO issued two design patents on Tesla's distinctive Cab design for the Tesla Semi over cited prior art from Nikola, including Nikola's asserted door patent. (*See* Makker Decl. Exs. 11-12.)[3]

Nikola's attempts to sidestep the obvious differences by arguing "there is no evidence that an ordinary observer would find these differences to be important" should also be rejected. (Opp. at 14.) Nikola applies the wrong standard. Applying the proper standard, an ordinary observer, in light of the glaring differences here, would not be

---

[2] Nikola's argument that "[d]esign patent complaints routinely include a picture of the infringing product next to the protected design" and that nothing more is required simply ignores the numerous cases cited herein that dismiss such complaints. (Opp. at 2-3.) Nikola also fails to mention that the *Apple v. Samsung* complaint was never challenged on a motion to dismiss and the *Michelin v. Tire Mart* complaint was voluntarily dismissed without ever serving the complaint. (*See* Makker Decl. Ex. 8.)

[3] Tesla requests that the Court take judicial notice of these patents (U.S. Pat. No. D825,391 and U.S. Pat. No. D825,392) under Federal Rule of Evidence 201.

4

deceived and induced "to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 683 (Fed. Cir. 2008) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).[4]

### 1. The Ornamental Aspects Of The Tesla Semi's Door Are Plainly Dissimilar From Nikola's Claimed Design.

That Nikola is improperly ignoring differences in ornamentation and attempting to claim general design concepts is made perfectly clear when it refers to the claimed door as a "general rectangular shaped" one. (Opp. at 17 (in figures); Willis Decl. Ex. 6 at 1, 3.) Nikola effectively asks this Court to ***ignore the ornamentation*** of its claim—which includes the two sloped top portions described in Tesla's motion—and focus on the general "rectangular" shape of the two doors, even though Nikola's claimed door is ***not*** rectangular.[5] Moreover, there is nothing inventive or distinctive about a rectangular door in the abstract. The differences identified by Tesla (*see* Moving Br. at 6-9) show that the ornamentation of "the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' [and Nikola] fails to meet its burden of proving infringement as a matter of law." *Ethicon*, 796 F.3d at 1335 (citation omitted).

### 2. The Ornamental Aspects Of The Tesla Semi's Fuselage Are Plainly Dissimilar From Nikola's Claimed Design.

Contrary to Nikola's mischaracterization, Tesla is not arguing that all vehicle patents have no claim scope. (*See* Opp. at 11-12.) But Nikola ignores that the scope of a design patent "must be ***limited to the ornamental aspects of the design, and does not extend to the broader general design concept***." *Ethicon*, 796 F.3d at 1333 (internal quotations omitted) (emphasis added). Just as it did in its FAC, Nikola's response to

---

[4] This is especially true here given the price of a Tesla Semi. *See, e.g., Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*, No. 11 Civ. 7211(PGG), 2012 WL 3031150, at *7 (S.D.N.Y. July 25, 2012) ("In considering the degree of attention a typical consumer is likely to bring to a purchase, it is reasonable to assume that consumers will bring greater attention to an expensive purchase . . . ." (collecting cases)).

[5] Even the prior art door cited is more rectangular than Nikola's. (*See* Opp. at 16.) *See also Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("If the claimed design is close to the prior art designs, ***small differences*** between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer." (emphasis added) (citation omitted)).

5

1  Tesla's side-by-side comparisons—which show glaring differences in the two designs—
2  is to note that some writers have referred to the "aerodynamic design" or "Tron-like"
3  appearance of Nikola's truck. (Opp. at 14.) These are general design concepts and do
4  not show that the ***ornamentation*** of the patented and accused designs is the same.

5        *OddzOn* is instructive here, despite Nikola's attempts to minimize its applicability.
6  The Federal Circuit found that the district court was correct to "limit[] the scope of the
7  patent to its overall ***ornamental*** visual impression, ***rather than to the broader general***
8  ***design concept of a rocket-like tossing ball***." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122
9  F.3d 1396, 1405 (Fed. Cir. 1997) (emphasis added). Like Nikola does here with the
10 overall "aerodynamic design," "continuous line," and "nose" (*see* Willis Decl. Ex. 5 at 1,
11 3, 6), the plaintiff contended that the "overall similarity of the 'rocket-like' appearance
12 [was] sufficient to show infringement." *OddzOn*, 122 F.3d at 1405. The courts
13 disagreed. The district court recognized "that any ball with a tail and fins, regardless of
14 its ornamental features, would appear to be similar to the patented design," but that was
15 insufficient for infringement. *Id.* at 1400. The differences between the claimed and
16 accused designs in *OddzOn*, *see id.* at 1399-1400, are even less glaring than what Nikola
17 calls "minor differences" here. (Opp. at 13.) Agreeing with the district court, the Federal
18 Circuit rejected the plaintiff's contentions. *Id.* at 1405. The Court should do the same
19 here.[6]

20       When Nikola compares the designs, it again focuses on general design concepts
21 and unclaimed features, or simply ignores the obvious differences. For example, Nikola
22 draws attention to "[s]imilar height profiles." (Willis Decl. Ex. 5 at 4.) Even if the
23 profiles were the same, the D'944 patent does not claim any height profile and it is legal

---

[6] Nikola argues Tesla distorts *OddzOn*. (Opp. at 12.) But Tesla's reliance on both sides of the *OddzOn* court's analysis is well-founded because the Federal Circuit treats the inquiries in the same way. *See, e.g.*, *High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632, 638, 641-42 (Fed. Cir. 2015) (analyzing visual differences in side-by-side comparison for both invalidity and infringement and citing cases indicating the same test is used for infringement and anticipation and that "[i]t is axiomatic that claims are construed the same way for both invalidity and infringement").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

error to find infringement based on unclaimed features like size. *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196-97 (Fed. Cir. 1995), *abrogated on other grounds*, *Egyptian Goddess*, 543 F.3d 665.  And that Nikola seeks to have the Court entirely ignore the obvious differences Tesla identified is clear because Nikola does not even address them in its side-by-side comparisons.  (*See* Opp. at 15; Willis Decl. Ex. 5 at 1, 3, 5-6 (no red lines drawn toward rear of accused fuselage).)  But it is also legal error to not consider all features in all figures of the claim, as Nikola asks this Court to do. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1241 (Fed. Cir. 2009); *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1378-79 (Fed. Cir. 2002), *abrogated on other grounds*, *Egyptian Goddess*, 543 F.3d 665.

Moreover, even Nikola's side-by-side comparisons highlight the obvious differences identified by Tesla.  For example, in the below comparison from page 4 of Exhibit 5 to the Willis Declaration, Nikola drew its red lines such that the distinct claimed design is absent from the Tesla Semi.



| Tesla Semi | Claimed Design |
| --- | --- |

Finally, Nikola's reference to *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373 (Fed. Cir. 2002) is inapposite.  *Rosco* addresses invalidity for claiming entirely functional design, and not the proper construction of a design that includes both functional and ornamental aspects. *See id.* at 1378.  But *Rosco* also highlights why Tesla's position is correct.  In its Opposition, Nikola continues to argue infringement based on aerodynamics.  (*See, e.g.*, Opp. at 14 (referencing "aerodynamic design").)  That is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

function, not ornamentation. And two dissimilar fuselage ornamental designs, like those here, can both be aerodynamic. *See Rosco*, 304 F.3d at 1378.

In sum, Nikola's attempts to have the Court ignore obvious dissimilarities and continue this case based on the general design concept of an "aerodynamic design" should be rejected. The Court must not look past the dissimilarities nor ignore portions of the patented design as Nikola does. Taken together, these show that the overall claimed design as a whole is substantially dissimilar from the Tesla Semi.

### 3. The Ornamental Aspects Of The Tesla Semi's Windshield Are Plainly Dissimilar From Nikola's Claimed Design.

Nikola does not meaningfully contest that, in light of its utility patent, the D'968 patent must be construed narrowly. (*See* Moving Br. at 15.) Under that principle, it is of paramount importance to recognize that the patent's drawings require a single continuous pane that is otherwise unornamented.[7] Nikola's position, however, asks the Court to ignore the bedrock principle that "[a] patented design is defined by the drawings in the patent . . . ." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993); *see also, e.g.*, *Contessa*, 282 F.3d at 1378; *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings.").

First, Nikola effectively asks this Court to redraw its claimed design to include structural features that it did not claim.[8] (*See* Opp. at 8.) Nikola's argument that "the patented design does allow for breaks" is directly contradicted by the D'968 patent's drawings. (*Id.* at 8 n.1.) No breaks are depicted. Second, Nikola improperly departs from comparing the patented design to the Tesla Semi, and instead notes that "*[t]he Nikola* [*i.e.*, the alleged commercial embodiment of Nikola's patent] has an A pillar."

---

[7] Nikola's utility patent confirms that the claimed windshield is "a **continuous piece** of transparent substrate." (Makker Decl. Ex. 4 at [0035] (emphasis added).)

[8] That the pane is continuous without any intervening structures is confirmed by the prosecution history, where the examiner objected to the original drawings because they showed lines through the windshield that may have "represent[ed] structure lines," but Nikola removed them. (*See* Makker Decl. Ex. 9.)

8

(*Id.* at 8 (emphasis added).)  But "[t]he test for infringement is not whether the accused product is substantially similar to the patentees commercial embodiment of the claimed design." *Sun Hill*, 48 F.3d at 1196.  As shown in Tesla's photographs, the Tesla Semi's windshield is discontinuous and unlike the claimed design.  (*See* Moving Br. at 16.)

When Nikola does attempt to address the ornamental features, it again asks the Court to improperly "ignore the obvious differences between the claimed and accused products." *NuVasive*, 2018 WL 2734881, at *4.  For example, Nikola argues that its patent "is agnostic as to the lights." (Opp. at 9.)  But after disclaiming the ornamentation of the lights as shown by depicting them with broken lines above and outside the boundary of its windshield (*see* D'968 patent at Figs. 1, 5), Nikola cannot now argue that the Tesla Semi's windshield is similar when it is ornamented with lights within the boundary of the windshield.  *Cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3071477, at *4 (N.D. Cal. July 27, 2012) (finding patent "specifically disclaims the subject matter shown by the use of broken lines").

### 4. Nikola Cannot Use Prior Art To Expand The Scope Of Its Claims.

For each patent, Nikola makes reference to the cherry-picked prior art it included in the FAC to improperly argue for broader claim scope than that to which it is entitled. (*See* Opp. at 10, 15-16.)  These arguments rest on Nikola's misapplication of *Egyptian Goddess* and should be rejected.

First, where, as here, "the claimed design and the accused design [are] sufficiently distinct," there is no need to look to the prior art.  *Egyptian Goddess*, 543 F.3d at 678.

Second, it is ***the defendant*** that raises prior art under the ordinary observer test to amplify the importance, to an ordinary observer, of minor differences between the accused and claimed designs.  *See id.* at 678-79; *see also Crocs*, 598 F.3d at 1303 ("If the claimed design is close to the prior art designs, ***small differences*** between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer." (emphasis added) (citation omitted)).  As the Federal Circuit noted, in

the ordinary observer test the defendant "is the party with the motivation to point out close prior art, and in particular to call to the court's attention the prior art that an ordinary observer is most likely to regard as highlighting *the differences* between the claimed and accused design."  *Egyptian Goddess*, 543 F.3d at 679 (emphasis added).  That is why the Federal Circuit put the "burden of production as to any comparison prior art on the accused infringer."  *Id.* at 678-79.  Were it otherwise, a plaintiff would only have to point to dissimilar prior art to obtain broader claim scope than warranted, as Nikola does here.[9]

The Court should reject Nikola's improper attempt to expand its claim scope.

### C. The Court Need Not Consider Nikola's Legally Irrelevant Materials

Nikola makes much of the FAC's reference in paragraph 107 to an alleged "expert opinion" (Opp. at 1, 6, 7), but that allegation cannot save the FAC.  The allegation should not be taken as true because it is entirely conclusory and devoid of factual content.  *See, e.g.*, *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *2-3 (N.D. Cal. Dec. 13, 2012) (finding statements such as "Dr. Carson opined" to be "conclusory assertions" of the "expert['s] opinion, but makes no statements of fact"); *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 890 (N.D. Ill. 2014) (finding expert's statements "still too conclusory to survive a Rule 12(b)(6) motion").

Likewise, the articles cited by Nikola also have no bearing on Tesla's motion.  While Nikola couches these articles as *prima facie* evidence of infringement, they are no such thing.  First, only one of these articles even refers to Nikola's patents, and it was written after Nikola filed suit.  Therefore, the articles are irrelevant to the claimed designs.  *Sun Hill*, 48 F.3d at 1196; *cf. Keystone*, 997 F.2d at 1450-51 (noting that design "as a whole" is considered for infringement and finding evidence of confusion did not create a genuine issue of fact because it did not show confusion as to the claimed design).  Second, these articles describe only broad general design concepts.  For example, Nikola

---

[9] While not the subject of Tesla's motion to dismiss, there is closer prior art than what Nikola cherry-picked for its FAC.  But because of plain dissimilarities between the claimed and accused designs, Tesla has not raised prior art in connection with its motion.

points to a description of the Nikola as a "very modern looking truck" and having "an aero-dynamic design," and that both trucks have a "space-age look and feel." (Opp. at 6.) The article did not say that the two trucks have the same look and feel due to the claimed designs.

Nikola also distorts Truck Trend's account. (*See* Opp. at 6-7.) Nikola fails to tell the Court that the entire article was based on a "teaser" image from which it would be impossible to determine the details of the Tesla design. (*See* Makker Decl. Ex. 10.) Indeed, a number of the articles cited in the FAC were written either before there was even a "teaser" image, or based only on the "teaser" image. (*See* FAC at ¶¶ 125-127.) The image shows only a blacked-out front view of the Tesla Semi. (*See* Makker Decl. Ex. 10.) Moreover, as with other articles, Truck Trend is discussing Nikola's truck, as opposed to its patents, in making any comparison. As can be seen in the article, Nikola's truck does not even have the single continuous pane of glass claimed, showing why such comparisons are irrelevant. (*See id.*) Finally, the Engadget article—written after Nikola filed suit—merely says there are some similarities. But some similarities alone are not enough to survive a motion to dismiss where there are so many glaring dissimilarities. *See, e.g.*, *Colida*, 347 F. App'x at 571 (affirming dismissal of claims because "dissimilarities far exceed the similarities").

Nikola's expert's conclusion and article citations cannot change that there can be no infringement in light of the glaring dissimilarities in the designs.

## III. CONCLUSION

For the reasons stated above and in Tesla's moving brief, Tesla respectfully requests that the Court dismiss the FAC with prejudice.

DATED this 15th day of August, 2018.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OSBORN MALEDON, P.A.


By   s/ Eric M. Fraser
    Eric M. Fraser
    Colin M. Proksel
    2929 N. Central Avenue, Suite 2100
    Phoenix, Arizona 85012-2793

LATHAM & WATKINS LLP
Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538

Matthew J. Moore, *admitted pro hac vice*
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304

Clement J. Naples, *admitted pro hac vice*
885 Third Avenue
New York, NY 10022-4834

Attorneys for Defendant Tesla, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

    s/ Brenda Wendt

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO