**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus (002687)
K. Reed Willis (028060)
lbeus@beusgilbert.com
rwillis@beusgilbert.com

*Attorneys for Plaintiff Nikola Corporation*

[Additional counsel listed in signature blocks]

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>Defendant. | Case No.:  2:18-cv-01344-GMS<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>HON. JUDGE G. MURRAY SNOW |

Pursuant to the Order Setting Rule 16 Case Management Conference [Doc. 15], the parties submit the following Joint Case Management Report.

1.  **Parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;**

*Plaintiff Nikola Corp.*:

Leo R. Beus;

K. Reed Willis.

*Defendant Tesla, Inc.*:

Perry J. Viscounty;

Matthew J. Moore;

Clement J. Naples;

Amit Makker;

Eric M. Fraser.

**2.      List of the parties in the case, including any parent corporations or entities (for recusal purposes);**

*Plaintiff*: Nikola Corporation.

*Defendant*: Tesla, Inc.

**3.      A short statement of the nature of the case (3 pages or less);**

This is a design patent infringement case concerning three design patents drawn to a side door, a fuselage, and a wrap windshield.  Nikola accuses Tesla's Semi truck of infringing each of the three design patents.  Tesla denies these allegations.

**4.      Jurisdictional basis :**

This case arises under the Patent Act of the United States of America, 35 U.S.C. § 1 *et seq*.  This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

**5.      Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;**

All named parties have been served.

**6.      A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);**

*Plaintiff Nikola Corp.*:

2

Nikola may amend the pleadings to add additional claims against Tesla.  Nikola does not expect to add additional parties to the case.

*Defendant Tesla, Inc.*:

Tesla may amend the pleadings to add additional defenses and/or counterclaims. Tesla does not expect to add additional parties to the case.

**7.**   **A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);**

*Plaintiff Nikola Corp.*:

Nikola anticipates filing the following motions:

- Motion for Summary Judgment: The motion will address Tesla's affirmative defenses; and

- Motions to Strike Experts:  The motion will address any and all shortcomings in any expert used or report submitted by Tesla.

*Defendant Tesla, Inc.*:

- Motion to Dismiss: Tesla has already filed a motion to dismiss the complaint under Rule 12(b)(6), which is fully briefed;

- Motion for Transfer (28 U.S.C. § 1404(a)): The motion will request transfer to the Northern District of California for the convenience of the parties and witnesses, in the interest of justice.

- Motions for Summary Judgment: The motion(s) will address Nikola's infringement claims, patent validity, and any other defenses properly considered on summary judgment; and

3

- **Motions to Strike or Otherwise Disqualify Experts:** The motion(s) will address any and all shortcomings in any expert used or report submitted by Nikola.

**8.      Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;**

The parties do not believe that the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.

**9.      The status of related cases pending before other courts or other judges of this Court;**

There are no related cases pending before other courts or other judges of this Court.

**10.      A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3));**

The parties discussed issues relating to the preservation, disclosure, and discovery of electronically stored information.   The parties are negotiating an Electronic Stored Information Order that will govern the disclosure or discovery of electronically stored information.

**11.      A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3));**

The parties are not aware of any specific issues at this time and intend to follow the applicable rules regarding claims of privilege and work product, and the provisions the parties agree to in a contemplated stipulated protective order.

**12.**   **A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;**

The parties believe that an order under Federal Rule of Evidence 502(d) is warranted in this case, and they intend to include it as a term in a contemplated stipulated protective order.

**13.**   **A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.**

The parties served MIDP disclosures on August 8, 2018.

*Plaintiff Nikola Corp.*:   Tesla's responses to the Mandatory Initial Discovery are lacking.   Specifically, Tesla does not provide an adequate factual or legal basis for its invalidity and waiver/estoppel defenses.   [Tesla's MIDP Responses at 15]   Tesla's blanket statement that "prior art" invalidates the Asserted Patents or failing to identify any facts to support its other defenses.   Tesla was required to provide a complete response based on "information then reasonably available to it."   [General Order 17-08 at 2]   Further, Tesla was required to "provide the requested information as to facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses."   [*Id.*]   Surely, Tesla must disclose what it believes is its Federal Rule of Civil Procedure 11 grounds for bringing its defenses.   To find otherwise defeats the purpose of the Mandatory Initial Discovery Program.   Tesla's failure to provide meaningful responses forces Nikola to serve interrogatories asking for the very information that Tesla was ordered to provide, thus

5

driving up cost of litigation and delaying any resolution of the case. A copy of Tesla's MIDP responses is attached.

*Defendant Tesla, Inc.*: Tesla disagrees that its MIDP disclosures are lacking at this time. Tesla included discussion of invalidity under 35 U.S.C. § 171 in its MIDP disclosures and indicated that it also will rely on §§ 102 and 103 for invalidity. Both parties contemplate preliminary and final invalidity contentions, meaning that the parties anticipate Tesla fully disclosing its invalidity positions at a later time. Tesla will provide such information consistent with the schedule entered. Tesla is continuing to investigate its equitable defenses. As these defenses turn on the conduct of Nikola, and discovery has just begun, Tesla will amend and/or supplement its MIDP disclosures as necessary as discovery progresses.

    14.    **A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

        a.    **The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

*Plaintiff Nikola Corp.*: Nikola will seek discovery from Tesla in the nature of e-mails, business records, marketing plans, design drawings, development documents of the Tesla Semi, technical documents, sales and accounting records, financial projections and other financial documents, either stored electronically or in paper form. Nikola anticipates deposing relevant witnesses from Tesla, Inc. This discovery goes to the central issues of the case, Tesla's infringement of Nikola's patents and damages associated with such infringement. As alleged in the complaint, Nikola is seeking its lost profits and Nikola's profits. As such, the amount in controversy is quite large, estimated to be over $2 billion.

Tesla has greater access to this information than Nikola  In sum, the discovery sought by Nikola is proportional to the needs of the case.

*Defendant Tesla, Inc.*: Tesla will seek discovery from Nikola in the nature of e-mails, business records, marketing plans and market statements, licensing documents and plans, the conception and reduction to practice of the claimed designs, the prosecution of the patents-in-suit, design drawings, development documents of the claimed designs, the Nikola One, and other Nikola products, technical documents, sales and accounting records, financial projections and other financial documents, documents that otherwise substantiate Nikola's damages claims, either stored electronically or in paper form.  Tesla anticipates deposing relevant witnesses from Nikola Corporation, including the inventors of the patents-in-suit. This discovery is relevant and proportional to Nikola's infringement and damages claims, as well as Tesla's defenses, including invalidity.  Tesla will also seek additional discovery in connection with any counterclaims it brings.

        **b.**        <u>**Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**</u>

*Plaintiff Nikola Corp.*:  Plaintiff does not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

*Defendant Tesla, Inc.*: Tesla proposes that each side be limited to thirty (30) requests for admission, except that there be no limit on the number of requests for admission solely for the purpose of authentication and/or admissibility of evidence.  Any such requests should be clearly denoted as such.  Tesla also proposes, in light of the MIDP disclosures, that each side be limited to forty (40) requests for production.

c.   **The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

*Plaintiff Nikola Corp.*:  Nikola proposes 70 hours of total deposition time with no more than one deposition lasting longer than one day of 7 hours.  Nikola's proposal adopts the current limits imposed by the Federal Rules of Civil Procedure.  In addition, there is no need for the Court to be constantly involved in discovery issues by requiring the parties to demonstrate to the Court that a deponent has "unique, first-hand, non-repetitive knowledge."  Tesla's proposal is designed to avoid having Mr. Musk, who has given at least one statement about this case, from being deposed.

*Defendant Tesla, Inc.*: Tesla proposes 30 hours of total deposition time with no more than one deposition lasting longer than one day of 7 hours.  In order to protect high-ranking employees (e.g., CEO, CFO, CTO) from harassment and needless disruption to business, Tesla proposes that a party must demonstrate to the Court that such a deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case, and that the party seeking the deposition has exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower level employees, before such a deposition may proceed.  *See, e.g.*, *Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011); Fed. R. Civ. P. 26(b).  As Nikola appears to contemplate taking depositions of such witnesses despite them not having any special knowledge related to this litigation, Tesla would file a motion for a protective order on these

8

grounds in response to any such deposition notice.  This procedure would streamline that process.

**15.    A statement of when the parties served their MIDP discovery responses;**

The parties served their MIDP responses on August 8, 2018.

**16.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

    **a.    A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP;[1]**

August 23, 2019

    **b.    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);**

Opening Reports on any issue a party bears the ultimate burden at trial: October 18, 2019

Rebuttal Reports: November 15, 2019

These dates assume that the Court has already construed the claims of the patents-in-suit at least one month in advance of Opening Reports.  In the event that a claim construction order is entered after September 18, 2019, the parties will have 30 days to serve Opening Reports.  Rebuttal Reports will be due 28 days after service of opening reports.

    **c.    A deadline for completion of all expert depositions;**

January 10, 2020

---

[1] General Order 17-08 should be reviewed carefully. It requires parties to timely supplement their MIDP responses as new information is discovered. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

  **d.**  **A date by which the parties shall have engaged in face-to-face good faith settlement talks;**

January 24, 2020

  **e.**  **A deadline for filing dispositive motions.**

February 7, 2020

**17.** **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);**

Both parties timely requested a jury trial with respect to all claims properly triable before a jury.

**18.** **The prospects for settlement, including any request of the Court for assistance in settlement efforts; and**

At this time, the parties do not believe the case is ripe for settlement and do not believe any settlement discussion will be aided by the Court.

**19.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

The parties propose the following dates:

Preliminary Infringement Contentions: December 14, 2018;

Preliminary Invalidity Contentions: February 1, 2019;

The parties dispute whether the Court should hold a claim construction hearing (see positions below).  If the Court holds a claim construction hearing, the parties propose the following dates:

Parties File Simultaneous Opening Claim Construction Briefs: March 29, 2019;

Parties File Simultaneous Rebuttal Claim Construction Briefs: April 26, 2019;

Final Infringement Contentions: 30 days after a claim construction order is entered.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Final Invalidity Contentions: 30 days after Final Infringement Contentions are served.

In the alternative, if the Court does not hold a claim construction hearing, the parties propose the following dates:

Final Infringement Contentions: May 31, 2019; and

Final Invalidity Contentions: June 28, 2019.[2]

*Plaintiff Nikola Corp.*:

Nikola does not believe a claim construction hearing is necessary, as this is a design patent case. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (the "preferable course" is "not to attempt to 'construe' a design patent"). "[A] design is better represented by an illustration 'than it could be by any description and a description would proably not be intelligible without the illustration.'" *Id*. (quoting *Dobson v. Dornan*, 118 U.S. 10 (1886)). Further, attempting to separate out functional elements from ornamental elements may cause the Court (and jury) to "entirely eliminate a structural element from the claim ornamental design, even though that element also served a functional purpose." *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1321 (Fed. Cir. 2016).

*Defendant Tesla, Inc.*:

*Egyptian Goddess* does not state that claim construction is unnecessary in a design patent case. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-80 (Fed. Cir. 2008) ("While this court has held that trial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases, the court has not prescribed any paritcular

---

[2] The Final Infringement Contentions and Final Invalidity Contentions allow the parties to finalize their positions after further discovery.

11

form that the claim construction must take." (citation omitted)).  Indeed, even after *Egyptian Goddess*, the Federal Circuit has continued to perform claim construction in design patent cases.  Claim construction will be important here where Nikola's patents include functional aspects that should not be included as part of the ornamental design claim.  *See, e.g.*, *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010) (noting that *Egyptian Goddess* does not change the need to consider functional and ornamental asepcts of a deisgn in construing a claim and construing design patent claim consistent with district court construction that "properly factored out the functional aspects of Richardson's design as part of its claim construction").

1   DATED this 17 day of August 2018

2                                   **BEUS GILBERT PLLC**

3

4                                   By____*/s/ K. Reed Willis*_____
                                         Leo R. Beus
5                                        K. Reed Willis
                                         701 North 44th Street
6                                        Phoenix, AZ  85008-6504
                                         Attorneys for Plaintiff
7

8                                   **OSBORN MALEDON, P.A.**

9

10                                  By____*/s/ Amit Makker*_____
                                         Eric M. Fraser
11                                       Colin Proksel
                                         2929 North Central Avenue, Suite 2100
12                                       Phoenix, AZ  85012

13
                                    Clement J. Naples (admitted *pro hac vice*)
14                                  LATHAM & WATKINS LLP
                                    855 Third Avenue
15                                  New York, NY  10022-4834

16
                                    Matthew J. Moore (admitted *pro hac vice*)
17                                  LATHAM & WATKINS LLP
                                    555 Eleventh Street, NW, Suite 1000
18                                  Washington, DC  20004-1304

19
                                    Perry J. Viscounty (admitted *pro hac vice*)
20                                  Amit Makker (admitted *pro hac vice*)
                                    LATHAM & WATKINS LLP
21                                  505 Montgomery Street, Suite 2000
                                    San Francisco, CA  94111-6538
22

23
                                    Attorneys for Defendant
24

25

26

27

28

13

1

2

**CERTIFICATE OF SERVICE**

3

     I hereby certify that on August 17, 2018, I electronically transmitted the foregoing

4

document to the Clerk's Office using the ECF System for filing and transmittal of a Notice

5

of Electronic Filing to the following ECF registrants:

6

          Eric M. Fraser | efraser@omlaw.com

7

          Colin Proksel | cproksel@omlaw.com
          OSBORN MALEDON, P.A.

8

          2929 North Central Avenue, Suite 2100

9

          Phoenix, AZ  85012

10

          Clement J. Naples | clement.naples@lw.com (admitted *pro hac vice*)
          LATHAM & WATKINS LLP

11

          855 Third Avenue

12

          New York, NY  10022-4834

13

          Matthew J. Moore | matthew.moore@lw.com (admitted *pro hac vice*)

14

          LATHAM & WATKINS LLP
          555 Eleventh Street, NW, Suite 1000

15

          Washington, DC  20004-1304

16

          Perry J. Vicounty | perry.viscounty@lw.com (admitted *pro hac vice*)

17

          Amit Makker | amit.makker@lw.com (admitted *pro hac vice*)
          LATHAM & WATKINS LLP

18

          505 Montgomery Street, Suite 2000

19

          San Francisco, CA  94111-6538

20

          Attorneys for Defendant

21

22

                    */s/ K. Reed Willis*

23

24

25

26

27

28