Eric M. Fraser, No. 027241
Colin M. Proksel, No. 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona  85012-2793
(602) 640-9000
efraser@omlaw.com
cproksel@omlaw.com

Perry J. Viscounty, *admitted pro hac vice*      Matthew J. Moore, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*             LATHAM & WATKINS LLP
LATHAM & WATKINS LLP                              555 Eleventh Street, NW Suite 1000
505 Montgomery Street, Suite 2000                Washington, DC 20004-1304
San Francisco, California 94111-6538             (202) 637-2200
(415) 391-0600                                   matthew.moore@lw.com
perry.viscounty@lw.com
amit.makker@lw.com

Clement J. Naples, *admitted pro hac vice*
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
clement.naples@lw.com

Attorneys for Defendant Tesla, Inc.

*Additional counsel listed in signature block*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation, | No. CV-18-01344-PHX- GMS |
| Plaintiff, | **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| vs. | |
| Tesla, Inc., a Delaware corporation, | |
| Defendant. | |

## I.      Joint request for entry of a protective order

The parties jointly request that the Court enter a protective order to govern the discovery and use of confidential information in this action.  Disclosure and discovery activity in this action may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  The parties agree that good cause exists for such information to be protected from unnecessary disclosure.

The proposed protective order addresses the requirements of LRCiv 5.6, expressly states that it does not automatically permit a party to file any document under seal, and incorporates the requirements for filing under seal set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  (*See* ¶ 13 of the accompanying proposed protective order.)

## II.     Limited dispute regarding non-testifying experts.

The parties were unable to reach agreement on one issue regarding disclosure of non-testifying experts and consultants before the expert or consultant is provided with confidential information (¶ 10(f) of the accompanying proposed protective order).  The parties thus respectfully request that the Court enter the proposed protective order attached hereto, and rule on the single dispute.  The parties' proposals are set out in the proposed protective order and below.  The parties' positions on the dispute are summarized below.

### A.      The Parties' proposals for ¶ 10(f).

[*Defendant Tesla's Proposal*: (f) The provisions of Paragraph 10(a) through 10(e) are also applicable to any person described in Paragraphs 8(b)(iii) or 9(b)(ii) that will not provide testimony.]

[*Plaintiff Nikola's Proposal*: Paragraph (f) should not be included.]

1

**B.    Tesla's position.**

2      Tesla only seeks to ensure that the parties' confidential information is protected.

3  Tesla's proposal merely extends the provisions for testifying experts to non-testifying

4  experts and consultants that a party intends to provide with the other side's confidential

5  information.   The expert information requested (name, CV, employer, and relevant

6  consulting relationships and litigation testimony in the last five years) allows the

7  producing party to determine whether anything in the expert's background creates a risk

8  that the producing party's confidential information could be improperly used.

9      Tesla's proposal is neither unprecedented nor unique.   In fact, such disclosure is

10  standard in many *model* protective orders from around the country that govern patent or

11  other complex commercial disputes.[1]   These model orders should be given significant

12  weight because none of these courts has a stake in disputes in their courtrooms one way

13  or the other.   They recommend a provision like the one Tesla proposes because it is fair,

14  justified, balanced, and in the words of one federal judge, "presumptively reasonable."

15  *Kelora Sys., LLC v. Target Corp.*, No. C 11-02284, 2011 WL 6000759, at *2 (N.D. Cal.

16  Aug. 29, 2011); *see also Power Analytics Corp. v. Operation Tech., Inc.*, No. SA CV16-

17  01955 JAK (FFMx), 2017 WL 5473416, at *2 (N.D. Cal. July 14, 2017) (approving entry

18  of an order that required disclosure of the same information Tesla proposes).   Indeed, "[i]t

19  is commonplace for experts and consultants on both sides of any ordinary civil action to

20  be vetted so that trade secrets and other sensitive information will not fall into the hands

21  of someone with an adverse position to the owner of the sensitive information." *Ibrahim*

22  *v. Dep't of Homeland Security*, 669 F.3d 983, 999 (9th Cir. 2012).   Given the nature of

23  this case, and the types of sensitive information that will be produced (e.g., highly

24  confidential customer information, financial information, and sensitive design and

25

26  _____

27  [1] For example, U.S. District Courts for the Northern District of California, District of
   Utah, Western District of Pennsylvania, Southern District of Texas, Eastern District of
28  Texas, Southern District of California, and Northern District of New York.

1    engineering information), Tesla respectfully asks this Court to adopt for this case what

2    many other courts have already adopted as the baseline.

3         Nikola's position would have the parties rely on the non-testifying expert's

4    assurances that it will not improperly use the confidential information.  Although Tesla

5    does not expect Nikola or its experts to act in bad faith, improper use could occur

6    inadvertently and presents an unnecessary risk that can be mitigated through prophylactic

7    disclosure.  *See, e.g.*, *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed.

8    Cir. 2010) ("[E]xtremely potent confidential information [is] of such a nature that it is

9    'humanly impossible' to control its inadvertent disclosure" and "it is very difficult for the

10   human mind to compartmentalize and selectively suppress information . . . no matter how

11   well-intentioned the effort may be to do so.").  Yet, Nikola suggests that this is no risk at

12   all, and that the parties can raise a potential violation after the fact.  First, it may not ever

13   be possible to detect that confidential information was improperly used after the fact.

14   Second, after-the-fact detection is too late.  Compared to a wait-and-see approach, it is

15   far less risky, and no real burden, to make a simple disclosure before passing confidential

16   information to a non-testifying expert.  Nikola provides no explanation for why such a

17   disclosure could or should not be made in this case.

18        Nikola's cited cases do not support its argument either.  Nikola fails to note that in

19   *Apple*, the court still required disclosure of non-testifying experts for Highly Confidential

20   information.  *See Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL

21   1511901, at *2 (N.D. Cal. Jan. 27, 2012).  And *Layne Christensen Co. v. Purolite Co.*,

22   271 F.R.D. 240, 251 (D. Kan. 2010) applied Tenth Circuit law, whereas the Ninth

23   Circuit—and the districts with the model orders discussed above—has expressly found

24   that Rule 26(b)(4)(D) does not protect a non-testifying expert's identity from disclosure.

25   *See, e.g.*, *Ibrahim*,  669 F.3d at 699; *Power Analytics*, 2017 WL 5473416, at *2-3.  Thus,

26   the balance of the interests in this case indicate that a protective order that protects the

27   parties' confidential information from the risk of unnecessary disclosure is warranted.

28

4

1    **C.    Nikola's position.**

2    Tesla is proposing a cumbersome and extreme solution to a non-issue, one that

3    will likely require intervention from the Court, drive up the cost of litigation, and slow

4    parties in preparing their case. Tesla has not provide an explanation for why the standard

5    practice with respect to non-testifying experts – that the non-testifying expert signs onto

6    the protective order without disclosure– will not work in this present case. Nikola's

7    proposal balances "the protections sought by both parties with the well-established

8    practice of retaining undisclosed, non-testifying experts and consultants." *Apple Inc. v.*

9    *Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1511901, at *1-2 (N.D. Cal.

10   Jan. 27, 2012) (holding that competitors were not required to disclose non-testifying

11   experts before sharing a party's confidential information). As such, the Court should

12   adopt Nikola's proposal, which protects the parties' proprietary information and non-

13   testifying experts.

14   Federal Rule of Civil Procedure 26(b)(4)(D) prevents a party from obtaining

15   information about an expert that is not expected to be called as a witness at trial. Courts

16   frequently require a party to show "exceptional circumstances" before a party discloses

17   the identity of non-testifying experts. *E.g.*, *In re Pizza Time Theatre Securities Lit.*, 113

18   F.R.D. 94, 97-98 (N.D. Cal. 1986) (discussing cases that require "exceptional

19   circumstances"). Tesla has not proffered any evidence or facts to suggest there is good

20   cause or an exceptional circumstance to require disclosing the identities of non-testifying

21   experts, let alone providing an opposing party the right to object to a non-testifying expert.

22   *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250-51 (D. Kan. 2010)

23   ("Defendant has not met its heavy burden to show exceptional circumstances necessary

24   for a protective order provision requiring the advance identification of a party's non-

25   testifying experts" before disclosure of confidential information despite Defendant

26   assuring that it would not seek discovery from non-testifying experts).

27

28

In addition, Courts in patent cases involving competitors do not require the disclosure of non-testifying experts, and do not give the opposing party the right to object to such a disclosure.  *E.g.*, *Apple*, 2012 WL 1511901, at *1-2; *Layne Christensen*, 271 F.R.D. at 250-51.

Further, example protective orders do not impose such an onerous requirement. *See e.g.*, Example Protective Order, J. Tuchi.  Rather, the example protective order merely requires an expert to agree to be bound by the protective order before receiving designated material.  In fact, even example or model protective orders do not require the disclosure of *testifying* experts or give an opposing party a right to object to the expert.  Nikola, as a compromise, agreed to disclose testifying experts (and give Tesla a right to object) under the protective order.  This disclosure does not deviate meaningfully from what is required to be disclosed under Federal Rule of Civil Procedure 26.  There is, however, no reason to have this same requirement imposed on non-testifying experts.

The protective order, as drafted: (1) limits use of designated material to "this case or any related appellate proceeding, and not for any other purpose whatsoever," including business or competitive purposes; (2) prevents any party receiving designated information from directly or indirectly advising or preparing patent applications or acquiring patents (the "Patent Prosecution Bar").  These protections adequately protect the parties' confidential information without needlessly burdening a party's right to use an undisclosed, non-testifying expert.

Tesla has not explained why these protections are not sufficient to protect its proprietary information. Simply put, courts have found that the protections the parties have agreed to (limitation on use and the patent prosecution bar) are sufficient and that requiring disclosure of non-testifying experts is not needed.  *E.g.*, *Apple*, 2012 WL 1511901, at *1-2; *Layne Christensen Co.*, 271 F.R.D. at 250-51.  As Tesla has not shown why these protections are inadequate, the Court should adopt Nikola's proposal.

1    DATED this 21st day of August, 2018.

2                                          OSBORN MALEDON, P.A.

3

4                                          By   s/ Eric M. Fraser
                                               Eric M. Fraser
5                                              Colin M. Proksel
6                                              2929 N. Central Avenue, Suite 2100
                                               Phoenix, Arizona  85012-2793
7

8                                          LATHAM & WATKINS LLP
                                           Perry J. Viscounty, *admitted pro hac vice*
9                                          Amit Makker, *admitted pro hac vice*
                                           505 Montgomery Street, Suite 2000
10                                         San Francisco, California  94111-6538
11
                                           Matthew J. Moore, *admitted pro hac vice*
12                                         555 Eleventh Street, NW Suite 1000
                                           Washington, DC 20004-1304
13

14                                         Clement J. Naples, *admitted pro hac vice*
                                           885 Third Avenue
15                                         New York, NY 10022-4834
16
                                           Attorneys for Defendant Tesla, Inc.
17
                                           BEUS GILBERT, PLLC
18

19                                         By     s/ K. Reed Willis (with permission)
20                                               Leo R. Beus
                                                 K. Reed Willis
21                                               701 N. 44th Street
                                                 Phoenix, AZ 85008-6504
22

23                                         Attorneys for Plaintiff

24

25

26

27

28

                                               7

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on August 21, 2018, I electronically transmitted the attached

3   document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal

4   of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

5

6                                        s/ Brenda Wendt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28