Eric M. Fraser, No. 027241
Colin M. Proksel, No. 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
efraser@omlaw.com
cproksel@omlaw.com

Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
(415) 391-0600
perry.viscounty@lw.com
amit.makker@lw.com

Clement J. Naples, *admitted pro hac vice*
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
clement.naples@lw.com

Matthew J. Moore, *admitted pro hac vice*
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200
matthew.moore@lw.com

Attorneys for Defendant Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>Defendant. | No. CV-18-01344-PHX-GMS<br><br>**TESLA, INC.'S MOTION TO TRANSFER VENUE** |

Tesla, Inc. ("Tesla") respectfully requests that the Court transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[1]

## I. INTRODUCTION

This action should be transferred to the Northern District of California because it is the more convenient forum. All of the relevant factors in the transfer analysis dictated by the Ninth Circuit weigh in favor of transfer. Indeed, this action has no legitimate connection to the District of Arizona at all. Neither party is incorporated in Arizona, neither party is currently headquartered in Arizona, none of the identified witnesses are located in Arizona, and none of the operative facts underlying this dispute occurred in Arizona. The only potential connection that this dispute has to Arizona is Plaintiff Nikola Corporation's ("Nikola") stated intent to relocate its headquarters to the Phoenix area. But today, as when it filed this action and its First Amended Complaint ("FAC"), Nikola is a Delaware corporation with its principal place of business in Salt Lake City, Utah.

Nonetheless, Nikola chose to file suit in this District against Tesla (a company headquartered in the Northern District of California) based on the allegedly infringing design of Tesla's semi-trucks, which are currently being developed in the Northern District of California by Tesla's California-based engineers. Neither party has identified a single relevant witness or piece of evidence with meaningful ties to this venue. Nikola does not even allege that any infringing acts occurred in Arizona. Rather, virtually all of the relevant evidence and witnesses are located in California, and the material facts underlying Nikola's claims all occurred in California or Utah. Thus, Nikola cannot have chosen this District based on its connection to the dispute because there is none. There is

---

[1] On July 9, 2018, Tesla moved to dismiss Nikola's infringement claims under all three design patents asserted in this case. Tesla strongly believes that this case should be dismissed for the reasons stated in that motion. As described herein, Tesla also believes that this is an inconvenient and incorrect venue for this case. Tesla brings this motion early in the proceedings so that the Court may consider transferring this action, for the convenience of the parties and witnesses, and in the interest of justice. At its option, the Court may consider this motion to transfer prior to issuing a decision on the merits of Tesla's motion to dismiss.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

only Nikola's legally irrelevant intent to move its headquarters here at some point in the future.

The convenience of litigating this dispute in the Northern District of California is heightened by the unique fact that the accused product is a multi-ton semi-truck that is still in development, the prototypes of which are located in that District. Nikola alleges that the overall design of the Tesla Semi infringes its design patents—not some small component that could easily be produced for inspection by the parties or, if necessary, the Court in this District. Thus it is far more convenient, and fair, for the case to proceed where the Tesla Semi is located should the parties or court have need to inspect the accused Tesla Semi.

Because the convenience of the parties and witnesses and the interests of justice overwhelmingly favor transfer, Tesla respectfully requests that the Court grant its motion and transfer this action to the Northern District of California.

## II.   FACTUAL BACKGROUND

### A.   The Parties

Tesla was founded in 2003 to design, manufacture, and sell all-electric vehicles. It is headquartered in Palo Alto, California. (Decl. of Daniel Priestley ¶ 2.) Tesla is a leader in the Electric Vehicle space, including the design and manufacture of lithium-ion batteries that provide for long driving ranges for electric vehicles. To date, Tesla has released four different models of passenger vehicles. As early as 2014, Tesla began to consider designing an all-electric semi-truck (the "Tesla Semi"). (*Id*. ¶ 3.) And on November 16, 2017, Tesla unveiled its Tesla Semi, an all-electric semi-truck that will revolutionize the trucking industry. (*Id.* ¶ 4.) Tesla expects to begin production of Tesla Semis in 2019. (*Id.*)

The team that designed the Tesla Semi is based in Tesla's Southern California Design Studio located in Hawthorne, California. (*Id.* ¶ 5.) The engineering team that helped develop the Tesla Semi, and where the Tesla Semi would be made available for inspection in this litigation, is in the Northern District of California. (*Id.* ¶¶ 5, 7.)

Development of the Tesla Semi was split between Tesla's Northern and Southern California locations. (*Id.* ¶¶ 5–6.) Members of the Tesla design team regularly travel from Southern California to Northern California as part of their job functions. (*Id.* ¶ 5.) Unlike its meaningful connections to California, Tesla has minimal connections to Arizona—it has only two show rooms and two service rooms in the State, neither of which are relevant to the accused Tesla Semi. (*Id.* ¶ 14.)

Nikola is a Delaware corporation currently headquartered in Salt Lake City, Utah. (FAC ¶ 26.) Nikola alleges that it intends to move to Arizona, but concedes that none of the operative facts underlying this dispute over its patented designs occurred in Arizona. (*Id.*; *see also id.* at ¶¶ 7, 15, 16, 35–39.) Nikola only publicly announced its intent to move to Arizona in January 2018,[2] and appears to still be completing its new facilities.[3]

**B.     The Asserted Patents**

There are three design patents at issue in this case, all of which relate to the ornamental design of various semi-truck elements: (1) U.S. Patent No. D816,004 patent (the "D'004 patent) for a "Side Door"; (2) U.S. Patent No. D811,944 (the "D'944 patent") for a "Fuselage"; and (3) U.S. Patent No. D811,968 (the "D'968 patent") for a "Wrap Windshield." The patented designs encompass large truck components. For example, as Figure 1 of the D'944 patent illustrates, the claimed fuselage design encompasses the entire body of a semi-truck:

---

[2] Mike Sunnucks, *Arizona lands $1B electric semi-truck plant, 2,000 jobs*, PHOENIX BUSINESS JOURNAL (Jan. 30, 2018, 1:27 PM), https://www.bizjournals.com/phoenix/news/2018/01/30/arizona-lands-1b-electric-semi-truck-plant-2-000.html (last visited Aug. 21, 2018).

[3] John O'Dell, *Nikola Raises $100 million in Week One of $200-Million Funding Round*, TRUCKS.COM (Aug. 8, 2018), https://www.trucks.com/2018/08/08/nikola-raises-100-million-funding/ (last visited Aug. 17, 2018).



FIG. 1

(FAC Ex. 2, at Fig. 1.)

## III. ARGUMENT

### A. Legal Standard

Based on principles of fairness or where "venue is proper but inconvenient," a defendant "may move for a change in venue under 28 U.S.C. § 1404(a)." *Am. Sec. Ins. Co. v. Norcold, Inc.*, No. 10-CV-954-PHX-GMS, 2010 WL 2991585, at *1 (D. Ariz. July 26, 2010) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004)). Transfer of venue is proper where a defendant makes a "strong showing of inconvenience to warrant upsetting plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys, LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *2 (D. Ariz. May 28, 2015) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

"Motions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). Although a court must ordinarily

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

give a plaintiff's choice of forum substantial weight, that choice is entitled to little deference if the chosen forum is the result of the plaintiff's forum shopping. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("[I]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." (citation omitted)); *Am. Sec. Ins.*, 2010 WL 2991585 at *2 ("While a plaintiff's choice of forum is typically entitled to significant weight, Plaintiff's choice of Arizona is entitled to only minimal consideration because the operative facts have not occurred within Arizona and Arizona has no particular interest in the parties or the subject matter." (quotations and citations omitted)).

In the Ninth Circuit, a district court considers a number of factors in deciding whether to transfer venue under § 1404(a), including:

> (1) the convenience of the parties and witnesses, (2) the availability of a compulsory process to compel unwilling witness attendance, (3) the ease of access to sources of proof, (4) the differences in the costs of litigation in the two forums, (5) contacts with the chosen forum, (6) jurisdiction over the parties, and (7) the relative familiarity of the two courts with the applicable law and the pendency of related actions in other forums.

*Morrow v. Vertical Doors Inc.*, No. CV 09-0256-PHX-DGC, 2009 WL 1698560, at *1 (D. Ariz. June 17, 2009) (citing *Decker*, 805 F.2d at 843, and *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). The paramount consideration is the first one—the relative convenience to witnesses. *See In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *HTA-SCW Webb Med. A LLC v. Roskamp Mgmt. Co.*, No. CV-17-01237-PHX-JJT, 2018 WL 1318875, at *4 (D. Ariz. Mar. 14, 2018); *Airbus*, 2015 WL 3439143, at *4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**B.      This Action Should be Transferred to the Northern District of California**

**1.      The convenience to the parties and witnesses overwhelmingly favors transfer to the Northern District of California**

Nikola's choice of forum is entitled to little weight given the facts of this case and Nikola's tenuous connection to this District. Tesla is unaware of any witnesses located in this District, especially at the time of filing the original complaint. As its basis for venue, Nikola alleges only that it has filed to do business in Arizona, is planning to move its headquarters to Phoenix, and is building a new manufacturing facility in Buckeye, Arizona. (FAC ¶ 26.) But an intent to move to this District at the time of filing suit is legally irrelevant because venue under § 1404(a) is assessed *at the time suit is instituted.* *See In re EMC Corp.*, 501 F. App'x at 976 ("[T]he relevant inquiry is the state of affairs at the time 'when suit was instituted.'" (quoting *Hoffman*, 363 U.S. at 343)). In context, Nikola's choice to file suit in Arizona smacks of forum shopping. Nikola likely believes that its move may create many new jobs locally and spur economic growth, which in turn could lead to a jury pool that is much more favorable to Nikola. Under these circumstances, Nikola's choice of forum should be given little deference. *See Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citing *Clayton v. Warlick*, 232 F.2d 699, 706 (4th Cir. 1956) ("We have no sympathy with shopping around for forums.")).

In addition, while some of Nikola's witnesses may be moving to Arizona, other key witnesses are still located in Utah. For example, Nikola's patent prosecution counsel Terrence J. Edwards, is located in Utah. It is no more convenient for Mr. Edwards to travel to Arizona than it is for him to travel to the Northern District of California.

In contrast, Tesla's employees that it has identified as potential witnesses in its MIDP disclosures are all located in California, with the majority living and working in the Northern District of California. For example, the Tesla Semi Engineering team is in the Northern District of California, including identified potential witnesses Jason Luecht

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and Dan Priestley.  (Priestley Decl. ¶¶ 8, 9.)   Graham Carroll, Tesla's identified individual for information related to sales and customer reservations for the Tesla Semi is also located in the Northern District of California.  (*Id.* ¶ 10.)  As is Jerome Guillen, Tesla's Vice President in charge of Trucks and Programs.  (*Id.* ¶ 11.)  Similarly, Aaron Hoyos, a Tesla Recruiting Manager that Nikola identified in its complaint (FAC ¶ 11), lives and works in the Northern District of California.  (Priestley Decl. ¶ 12.)

Even those Tesla witnesses involved in the design for the Tesla Semi who are located in the Los Angeles area regularly travel to Northern California as part of their job functions.  (*Id.* ¶ 5.)  It would therefore be far more convenient for those witnesses to travel to the Northern District of California to Tesla's headquarters than the District of Arizona, where Tesla has virtually no presence. *See Newthink LLC v. Lenovo (U.S.) Inc.*, 12-CV-544, 2012 WL 6062084, at *1 (C.D. Cal. Dec. 4, 2012) (recognizing that for traveling witnesses, it will be more convenient to go to their company's headquarters "and possibly attend to their regular duties while at a corporate hub," than to be "marooned" in another district).

Recently, Nikola represented that it plans to amend its complaint to assert an additional utility patent.  Litigation involving any alleged infringement of this utility patent is also likely to require collecting evidence and witness testimony from the Northern California-based Tesla engineering team, as they are primarily responsible for the functionality built into the Tesla Semi.  As such, this anticipated amendment further grounds this action in Northern California.

Because the vast majority of potential witnesses are located in California, and the Northern District of California in particular, this factor weighs heavily in favor of transferring venue to that district.  *See In re Genentech*, 566 F.3d at 1343 ("The convenience of witnesses is probably the single most important factor in transfer analysis." (quotation omitted)).  The Northern District of California is the clearly more convenient forum.

7

### 2. Key witnesses are beyond this Court's subpoena power but are accessible in the Northern District of California

As stated above, there are a substantial number of witnesses located in the Northern District of California that are subject to the subpoena power of a court in that district. The same is true of some identified third party witnesses. In particular, Tesla identified Mr. Randy Rodriguez, a former employee of Tesla who was involved in the design of the accused Tesla Semi, who lives in the greater Los Angeles area. As a third party, Mr. Rodriguez could not be compelled to come to a trial in this Court, but likely could be compelled to attend trial in the Northern District of California through a subpoena. Fed. R. Civ. P. 45(c). Thus, this factor weighs in favor of transfer.

### 3. Alleged sources of proof are primarily located in the Northern District of California

In the context of patent disputes, "cases should be tried as close as possible to the location of the patent infringement and source of information." *Credit Acceptance Corp. v. Drivetime Auto. Grp., Inc.*, No. CV 13-01531 (MRWx), 2013 WL 12124382, at *3 (C.D. Cal. Aug. 5, 2013); *Newthink*, 2012 WL 6062084, at *1 ("In patent cases, the bulk of the discovery comes from the 'center of gravity of the accused activity,' and the case should be litigated as close as possible to this center." (citation omitted)). "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345 (citation omitted); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Morrow*, 2009 WL 1698560, at *4.

Here, all of the allegedly infringing activity occurred in or stemmed from California. Nikola cannot seriously contest this fact. In addition to the Tesla design team located in the Los Angeles area, the Tesla Semi engineering team and the Tesla Semi sales and reservations team are located in the Northern District of California. (Priestley Decl. ¶¶ 5, 13.) The Tesla employees and foreseeable witnesses with knowledge regarding the Tesla Semi design, development, and marketing are located in the Northern and Central Districts of California. (*Id.* ¶¶ 5, 8–13.) The sources of proof in this matter

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

are thus largely located in the Northern District of California. In addition, the prototypes of the Tesla Semi that Tesla would make available for inspection are housed in the Northern District of California when not in use. (*Id.* ¶ 7.)

No relevant design, development, manufacturing, or marketing efforts of the accused Tesla Semi have occurred in Arizona. (*Id.* ¶¶ 14, 15.) There is no office or location where Tesla markets or sells the Tesla Semi in this District—the two Tesla showrooms are exclusively for Tesla's passenger vehicles, residential energy products, and apparel, with the majority of each showroom being devoted to Tesla passenger vehicles. (*Id.*) The mere fact that Tesla has some employees located in Arizona does not weigh in favor of proceeding in this District because these employees are not involved in the research, development, or design of the accused Tesla Semi.

Accordingly, this factor weighs heavily in favor of transferring this matter to the Northern District of California. The vast majority of potential witnesses and documents relating to the alleged infringement, as well as the Tesla Semi itself, are located in the Northern District of California. This matter should be located there as well.

### 4. This litigation would be far less expensive if it proceeds in the Northern District of California

Given the advances in electronic communication and document production, written discovery should cost about the same in either forum. But this case centers on whether the Tesla Semi infringes Nikola's design patents, which by law requires a visual comparison of the accused product and the patented design. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1306-07 (Fed. Cir. 2010). As such, if the case were to progress past the motion to dismiss phase, the parties are likely to participate in repeat visual inspections and comparisons between the patented designs and the Tesla Semi to both prove and defend their infringement positions. If the Court finds that the pictures of the Tesla Semi included in Tesla's pending motion to dismiss are insufficient to adjudicate this matter outright—which it should not—a further in-person visual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

comparison may be necessary. It would be cost prohibitive and burdensome for Tesla to make its prototypes available for inspection to the parties and possibly the Court outside of the Northern District of California, let alone for repeat inspections over the course of the litigation. If transferred to the Northern District of California, the parties or the court there could more easily find mutually agreeable times for any in-person inspections and arrange for such inspections with minimal burden.

In addition, there are many more Tesla employees than Nikola employees that are potential witnesses in this action because of the number of people involved in designing, manufacturing, and marketing the Tesla Semi. As discussed above, these people are located in the Northern District of California or in the Los Angeles area. *See In re Genentech, Inc.*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence comes from the accused infringer." (citation omitted)). In contrast, Nikola's three asserted patents name only the same two inventors—one of whom listed Fullerton, California as his mailing address when these patents were filed—and Nikola's prosecuting attorney, who is located in Utah. It is therefore much less expensive for these three witnesses to travel to the Northern District of California than for the many Tesla employees, the Tesla Semi itself, and Tesla documents to travel to this District for future proceedings. This factor highly favors transfer to the Northern District of California.

### 5. The Northern District of California has a local interest in deciding this case

Tesla has deep roots in the Northern District of California. It was originally co-founded in Silicon Valley in 2003, and the company has been based in the Palo Alto area ever since. (Priestley Decl. ¶ 2.) In contrast, with only two show rooms and two service rooms in Arizona—all of which are unrelated to the Tesla Semi—Tesla has virtually no presence in this District. Nikola, for its part, has no history in Arizona, and it appears to have not even completed its move to this District that it pleaded would occur in July. (FAC ¶ 26.) But aside from having registered as a foreign company in Arizona, Nikola

has not established any ties to this District. Thus, there is a more localized interest in the Northern District of California, where Nikola has alleged the infringing activity occurred and where a jury is more likely to have a local concern in the outcome of this case. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1232–33 (9th Cir. 2011) ("California courts have repeatedly recognized the state's interest in deciding actions against resident corporations whose conduct in this state causes injury to persons in other jurisdictions." (quotation marks and citations omitted)); *Berry v. Potter*, No. CIV 04–2922 PHX RCB, 2006 WL 335841, at *4 (D. Ariz. Feb. 10, 2006) ("When an incident takes place within a judicial district, courts often find there is a public interest in hearing the case locally.").

**6.   This matter could have been brought in the Northern District of California**

There can be no dispute that this matter "might have been brought" in the Northern District of California. 28 U.S.C. § 1404(a). That court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Tesla is headquartered there and it is where the Tesla Semi is engineered today, conferring personal jurisdiction and making venue proper under 28 U.S.C. §§ 1391 and 1400(b). Nikola is also active in litigation in the Northern District of California. It is therefore likely familiar with the rules of that venue and has counsel capable of representing it in that venue. *See Zero Motorcycles, Inc. v. Nikola Motor Corp.*, No. 3:17-cv-05370-MEJ (N.D. Cal.).

**7.   The Northern District of California is familiar with patent law**

While both districts are familiar and capable of applying Federal Patent Law, other district courts have recognized the Northern District of California's "well-earned reputation as an experienced patent district" in transferring cases to that venue. *See, e.g.*, *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 643 (E.D. Va. 2010). The Northern District of California also has local patent rules in effect that make litigating a patent infringement case easier on the court and the parties. And as of the filing of this motion, the Northern District of California hears more patent cases than

this District: this District had 13 open cases involving patents, while the Northern District of California had 374 open cases involving patents.  Thus, this factor is neutral, or weighs somewhat in favor of transferring this matter to the Northern District of California.

## IV. CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court grant its Motion to Transfer Venue to the Northern District of California.

DATED this 12th day of September, 2018.

OSBORN MALEDON, P.A.

By  s/ Eric M. Fraser
    Eric M. Fraser
    Colin M. Proksel
    2929 N. Central Avenue, Suite 2100
    Phoenix, Arizona  85012-2793

LATHAM & WATKINS LLP
Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538

Matthew J. Moore, *admitted pro hac vice*
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304

Clement J. Naples, *admitted pro hac vice*
885 Third Avenue
New York, NY 10022-4834

Attorneys for Defendant Tesla, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

s/ Brenda Wendt