1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BEUS GILBERT** PLLC

ATTORNEYS AT LAW

701 NORTH 44TH STREET

PHOENIX, ARIZONA  85008-6504

TELEPHONE (480) 429-3000

Leo R. Beus (002687)
K. Reed Willis (028060)
lbeus@beusgilbert.com
rwillis@beusgilbert.com

*Attorneys for Plaintiff Nikola Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation, | Case No.:  2:18-cv-01344-GMS |
| Plaintiff, | **NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S MOTION TO TRANSFER VENUE** |
| vs. | |
| Tesla, Inc., a Delaware corporation, | HON. JUDGE G. MURRAY SNOW (Oral Arguments Requested) |
| Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

Tesla's ill-advised motion to transfer is based on a fundamental flaw – that Nikola has no connections with this venue.  Nonsense.  On January 30, 2018, Nikola announced that it was relocating from Salt Lake City, Utah to Phoenix, Arizona.  At that time, Nikola had signed a lease for its corporate headquarters and research development facility at 4141 East Broadway, Phoenix, Arizona.  Nikola was in the process of negotiating an economic incentive package with Buckeye, Arizona.  Nikola had one employee living in the Phoenix metropolitan area.  On April 4, 2018, Nikola filed an application to be a foreign entity registered to do business in Arizona.  On May 1, 2018, Nikola received approval to do business in Arizona.  By the date of filing the Complaint, Nikola arranged to relocate all its employees and documents to Phoenix.

On July 23, 2018, Nikola opened its first facility in Arizona with 60 employees working at this facility.  The facility contains all of Nikola's documents.  The Nikola One will be moved from Salt Lake City to Phoenix, Arizona in October.  Nikola announced on August 28, 2018 that it will build its manufacturing plant in Coolidge, Arizona and has agreed to an economic incentive package.

In short, all depositions of Nikola's employees, the production of documents, and any inspection of the Nikola One will take place in Phoenix, Arizona.  Arizona has an interest in protecting the rights of one of its newest residents, Nikola.  Thus, Tesla's motion is, at best, merely shifting the inconvenience from Tesla to Nikola.  Tesla has not met its burden of showing that its inconvenience is so great that the Court should upset Nikola's choice of forum.  As such, the Court should deny Tesla's motion.

## II.     FACTUAL BACKGROUND

Bluegentech LLC, a Utah limited liability corporation and predecessor to Nikola, has been around since 2012 and domiciled in various locations.  Declaration of Britton Worthen (the "Worthen Decl.") ¶ 3.  On July 10, 2017, Nikola was incorporated in Delaware.  *Id*.

On January 30, 2018, Nikola announced that it was re-locating its headquarters from Salt Lake City, Utah to Phoenix, Arizona.  *Id*. ¶ 4.  That same day, Nikola announced that it was building a manufacturing plant in Buckeye, Arizona.    Nikola anticipated that construction would begin in 2019.

Nikola signed a lease on February 13, 2018 for property at 4141 East Broadway, Phoenix, Arizona.  *Id*/ ¶ 5.  This property will be Nikola's corporate headquarters and research and development facility.  *Id*.  Nikola is spending seventeen million dollars to upgrade the building.  *Id*.  Nikola has signed several other leases for office space in the Phoenix metropolitan area.  *Id*. ¶ 7.

On April 4, 2018, Nikola applied to do business in Arizona as a foreign for-profit business.  *Id*. ¶ 6.  On May 1, 2018, Nikola's application was approved by the Arizona Corporation Commission.  *Id*.

Nikola's employees began moving to Arizona during the week of July 16, 2018.  *Id*. ¶ 8  Nikola started to move the documents, servers and other equipment to Phoenix on July 19, 2018.  *Id*.  On July 23, 2018, Nikola started its operations in Phoenix, Arizona.  *Id*.  By the middle of August, almost all of employees and documents were located in Phoenix, Arizona.  *Id*.

3

On August 28, 2018, Nikola announced that it would build its manufacturing plant in Coolidge, Arizona instead of Buckeye. *Id*. ¶ 10.  Nikola and Coolidge announced a multi-year economic incentive package for Nikola to relocate to Arizona and build its manufacturing plant in Coolidge.  Currently, Nikola employees 60 people. *Id*. ¶ 8.  By the end of 2018, Nikola expects to employee between 80 to 100 people in Arizona. *Id*. ¶ 12.

### A.      Asserted Claims.

As alleged in the Second Amended Complaint (Doc. 48), at issue in this case are three design patents, one utility patent and Nikola's trade dress, all of which relate to the design and function of a semi-truck.  For example, US. Pat. Nos. D816,004 and 10,077,084 relate to the design and function of a semi-truck door.  The Nikola One embodies the asserted patents and Nikola's trade dress.  Tesla's Semi infringes Nikola's patents and trade dress.

| Nikola One | Tesla Semi |
|---|---|



## III.      LEGAL STANDARDS

Pursuant to 35 U.S.C. § 1404(a), for the convenience of the parties and witnesses, a court may transfer a case to a venue where the action "might have been brought."  That is, a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

court may transfer a case to where the original complaint could have been brought.[1] *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Defendants have the burden of showing that the action should be transferred under § 1404(a). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-99 (9th Cir. 2000). A defendant "must make a strong showing of inconvenience to warrant upsetting [a plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 f.2d 834, 843 (9th Cir. 1986); *e.g.*, *N. Acceptance Trust v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970) ("substantial weight" should be given to the plaintiff's choice of forum); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("the plaintiff's choice of forum should rarely be disturbed"). Indeed, as this Court has recognized, "[t]ransfer of venue 'is not appropriate . . . when the transfer merely shifts the inconvenience from one party to another.'" *Managed Protected Srvs., Inc. v. Credo Petroleum Corp.*, No. 12-cv-00080-PHX-GMS, 2012 WL 3264515, at *4 (D. Ariz. Aug. 9, 2012) (Snow, J.) (citing *Impra, Inc. v. Quinton Instruments Co.*, CIV90–0383 PHX WPC, 1990 WL 284713 at *2 (D.Ariz. June 26, 1990)).

19
20
21
22
23
24
25
26
27
28

---

[1] Defendant, yet again, misrepresents the law in an attempt to mislead the Court. The Supreme Court explained that the phrase "might have been brought" is limited to the situation before the suit was instituted. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (Might have been brought "directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted"); Wright & Miller, Federal Practice & Procedure § 1352. The Ninth Circuit, whose law controls motions to transfer, has not extended this holding to a witness's inconvenience or to the other factors. *Cf. In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) ("The phrase 'where it might have been brought' refers solely to districts where Bozic could have originally filed suit."); *Commercial Lighting Prod., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976) (Section 1404 limited to where "the plaintiff could have filed suit originally"); *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California, 503 F.2d 384, 386-7 (9th Cir. 1974)*; *see also Credit Acceptance Corp. v. Drivetime Auto. Grp., Inc.*, No. CV 13-01531 (MRWX), 2013 WL 12124382, at *2 (C.D. Cal. Aug. 5, 2013) (courts determine where an action might have been brought first and then looks at convenience).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In determining whether transfer is proper, a court balances "the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum," and "private and public interest factors affecting the inconvenience of the forum." *Decker Coal*, 805 F.2d at 843. The Ninth Circuit has set out a non-exhaustive list of factors that courts consider:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiffs' choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*GNC Franchising*, 211 F.3d at 498. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis*." Ctr. for Biological Diversity v. Kempthorne*, No. 08–1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043, at *2 (N.D.Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

In sum, analyzing a motion to transfer is a two-step process. First, the court determines where the suit could have originally been brought. Second, the court then weighs the convenience of the parties. Here, the parties do not dispute the case could have been brought in Arizona, the Northern District of California, or the Central District of California. The only question is whether Tesla has made a "strong showing" that the Northern District of California is so much more convenient than Arizona that the Court should upset Nikola's choice of forum. Tesla has not made such a showing.

## IV.  ARGUMENT

### A.  This Case Should be Heard in Arizona.

Without any factual support, Tesla argues that Nikola's choice of forum should be given little weight because it was "forum shopping" and hoped Arizona would have a "jury pool more favorable to Nikola."  Yet, *Tesla* wants to transfer the case, not because doing so is actually more convenient to the parties and witnesses, but because it hopes to have a more favorable jury pool in the Northern District of California.  And far from forum shopping, Nikola brought the case in Arizona because it knew that is where it would be located during virtually the entire case.  When weighing the inconvenience of the parties, witnesses, ease of access to documents and evidence, and the public interest, it is clear that the Court should keep the case in Arizona.

### 1.  Nikola's Witnesses Are Located in Arizona.

Tesla argues incorrectly that Nikola's witnesses are located in Utah or "may be moving to Arizona" and, therefore, the Court should not consider the inconvenience of Nikola's employees.  This argument ignores the facts.  Nikola announced on January 30, 2018 that it was relocating from Salt Lake City to Phoenix, Arizona.  Worthen Decl. ¶ 4.  At that time, at least one Nikola employee, Britton Worthen, lived in Arizona.  *Id*. ¶¶ 2-3.  Many more employees purchased homes in the Phoenix area in advance of the move.  On May 1, 2018, Nikola was approved to do business in Arizona.  *Id*. ¶ 6.  On July 23, 2018, Nikola began operations in Arizona.  *Id*. ¶ 8.  In other words, Nikola's employees will be deposed in Arizona and are subject to the Court's subpoena powers.  A trial in the Northern District of

7

California will inconvenience Nikola's witnesses just as much, if not more, than Tesla's witnesses will be inconvenienced by having a trial in Arizona.

For example, Trevor Milton and Steve Jennes, the named inventors on the design patents, now live in Maricopa County. Even the Nikola employees (Milton, Jennes and Kevin Lynk) identified in Tesla's mandatory initial disclosure responses reside in or are moving to the Phoenix Metropolitan area. Other Nikola employees that will testify as to marketing and damages are located in the Phoenix area.

Conversely, not all of Tesla's employees reside in the Northern District of California. Tesla admits that the Tesla Semi designers reside in the Los Angeles area. Mot. at 2, 7. These witnesses will be forced to travel either to Arizona or the Northern District of California. Either district will be just as easy to get to. Taking into account Nikola's witnesses and Tesla's employees that reside in the Los Angeles area, it can hardly be said that "the vast majority of potential witnesses" are in the Northern District of California. Thus, the convenience of the witnesses, the single most important factor, weighs in favor of keeping the case in Arizona because Nikola's employees are located in Arizona while Tesla's employees are located throughout California.

### 2. Third Party Witnesses Are Available Through the Court's Subpoena Power or Through Other Means.

Tesla identifies Terrence Edwards and Randy Rodriguez as potential non-party witnesses. Mr. Edwards was the attorney that drafted the asserted patents and lives in Utah. Mr. Rodriguez is a former Tesla employee that lives in the Los Angeles area. Neither witness lives in the Northern District of California. Mr. Edwards is not subject to either the subpoena power of this Court or the Northern District of California. Mr. Rodriguez, who

1
2
3
4
5
lives more than 100 miles from any courthouse in the Northern District of California, can only be compelled to attend a trial in person if he "would not incur substantial expense." Federal Rule of Civil Procedure 45. And as a former employee of and a witness identified Tesla, Tesla can obtain any needed testimony through other means.

6
7
8
9
10
11
Importantly, this Court has recognized that its lack of subpoena power "may be solved through the use of deposition testimony or video conference." *Managed Protected Srvs., Inc. v. CREDO Petroleum Corp.*, No. 12-cv-00080-PHX-GMS, 2012 WL 3264515, at *3 (Aug. 9, 2012). Tesla can require its employees to travel to Arizona for trial. *Id*. Thus, this factor is neutral or weighs against transfer.

12
13
### 3.     Nikola's Documents Are Located in Arizona.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
Tesla argues that sources of proof that it intends to rely on are located in the Central and Northern District of California, and therefore, the "vast majority of potential witnesses and documents . . . are located in the Northern District of California." This is simply, not true. On July 19, 2018, Nikola started moving its documents from Salt Lake City to Phoenix. Worthen Decl. ¶ 8. On July 23, 2018, Nikola opened its doors in Phoenix, Arizona. *Id*. By the middle of August, almost all of Nikola's documents were located in Phoenix. *Id*. ¶ 9. By the end of the year, all of Nikola's documents will be in Arizona. In addition, the Nikola One will be moved from Salt Lake City to Phoenix in October. *Id*. ¶ 11. Thus, the Court can inspect the Nikola One in Arizona when evaluating Tesla's infringement of Nikola's patents and trade dress. *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988) ("When no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error for the court to view them both, and to

compare the embodiment of the patented design with the accused devices."); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987) ("A plaintiff seeking to recover for trade dress infringement under section 43(a) must show that its trade dress is protectable and that defendant's use of the same or similar trade dress is likely to confuse consumers.").

Tesla argues that the case must be transferred to the Northern District of California because its Semi is in that district.  This argument fails for two reasons.  First, Tesla uses its Semi for loads between Nevada and California.  Tesla can simply drive the vehicle to Arizona if the Court needs to inspect it.  Second, Tesla can, and has, submitted pictures of its Semi to argue that it does not infringe.  Such a procedure can be used if the Semi is unavailable.

### 4.    Arizona Has an Interest In the Litigation.

Nikola is an Arizona resident.  "Arizona has an interest in 'ensuring that its residents are compensated for their injuries." *Managed Protected Services, Inc. v. CREDO Petroleum Corp.*, 2012 WL 3264515 at *5.  And as Nikola's choice of forum, it should be given substantial weight because Nikola naturally picked its home forum.

Further, Arizona has substantial connections with this case.  As alleged in the complaint and admitted by Tesla, Tesla has two sales centers and service shops in Arizona. Tesla has committed acts of infringement in Arizona by offering its Semi to companies and individuals in this District.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 5.     The State Most Familiar with the Governing Law.

Tesla has infringed Nikola's patents and trade dress.  Thus, this factor is neutral as any court hearing the case will be relying on federal patent and unfair competition law.  *CSR Tech., Inc. v. Bandspeed, Inc.*, No. 11-cv-1948-PHX-GMS, 2012 WL 1150863, at \*6 (Apr. 5, 2012).  Nevertheless, Tesla still claims that this factor weights in favor of transferring to the Northern District of California because the Northern District of California has "experience" in patent litigation.  But this Court has ample experience in patent and trademark litigation.

Tesla argues that the Northern District of California's local patent rules make it a better forum.  But this Court entered a scheduling order that included many of the same provisions as the Northern District of California's local patent rules.  For example, the Court ordered that the parties exchange infringement and invalidity contentions and set out a claim construction process.  [Doc. 39]  The Northern District of California's local patent rules require that parties exchange contentions and establish a claim construction process.  [N.D. Cal. LPRs 3-1, 3-3, Sec. 4]  Further, the District of Arizona is participating in the Mandatory Initial Discovery Program, which requires disclosure of theories and production of documents that requires the parties to exchange more information than what is required under the Northern District of California's local patent rules.  *Compare* Doc. 8 *with* N.D. Cal. LPRs  3-2, 3-4.  Thus, this factor is neutral or weights in favor of keeping the case in Arizona.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.     CONCLUSION**

Nikola is an Arizona based company with its employees and documents located in this District.  Any deposition of Nikola's employees and witnesses will be in Arizona.  And if Tesla needs to inspect documents or the Nikola One, it will be done in Arizona.  Tesla can require its employees to travel to Arizona for trial.  Tesla's infringement of Nikola is nationwide and has occurred in this District.  Tesla's motion to transfer this case from this Court to the Northern District of California is an inappropriate attempt to deny Nikola its choice of form and merely shift the inconvenience of litigation from Tesla to Nikola.  Thus, the Court must deny Tesla's motion.

DATED this 26th day of September 2018.

**BEUS GILBERT PLLC**

By    */s/ K. Reed Willis*
     Leo R. Beus
     K. Reed Willis
     701 North 44th Street
     Phoenix, AZ  85008-6504
     Attorneys for Plaintiff

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on 26 September 2018, I electronically transmitted the foregoing

4

document to the Clerk's Office using the ECF System for filing and transmittal of a Notice

5

of Electronic Filing to the following ECF registrants:

6

Eric M. Fraser | efraser@omlaw.com

7

Colin Proksel | cproksel@omlaw.com
OSBORN MALEDON, P.A.

8

2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012

9

10

Clement J. Naples | clement.naples@lw.com (admitted *pro hac vice*)
LATHAM & WATKINS LLP

11

855 Third Avenue
New York, NY  10022-4834

12

13

Matthew J. Moore | matthew.moore@lw.com (admitted *pro hac vice*)
LATHAM & WATKINS LLP

14

555 Eleventh Street, NW, Suite 1000

15

Washington, DC  20004-1304

16

Perry J. Vicounty | perry.viscounty@lw.com (admitted *pro hac vice*)

17

Amit Makker | amit.makker@lw.com (admitted *pro hac vice*)
LATHAM & WATKINS LLP

18

505 Montgomery Street, Suite 2000

19

San Francisco, CA  94111-6538

20

Attorneys for Defendant

21

22

                    */s/ K. Reed Willis*

23

24

25

26

27

28

13