Eric M. Fraser, No. 027241
Colin M. Proksel, No. 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
efraser@omlaw.com
cproksel@omlaw.com

Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
(415) 391-0600
perry.viscounty@lw.com
amit.makker@lw.com

Matthew J. Moore, *admitted pro hac vice*
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200
matthew.moore@lw.com

Clement J. Naples, *admitted pro hac vice*
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
clement.naples@lw.com

Attorneys for Defendant Tesla, Inc.

*Additional counsel listed in signature block*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>Defendant. | No. CV-18-01344-PHX-JAS-BPV<br><br>**STIPULATION RE MOTION TO DISMISS** |

Pursuant to this Court's Order (Doc. 55), the parties (Plaintiff Nikola Corp. and Defendant Tesla, Inc.) jointly provide notice about the status of the pending Motion to Dismiss (Doc. 26). The parties request that the Court rule on the Motion after taking into consideration the additional statements by each party set forth below.

## BACKGROUND

Tesla filed a Motion to Dismiss (Doc. 26) directed to Nikola's First Amended Complaint (Doc. 18). The Motion is fully briefed. (Doc. 30, 35.) After briefing was complete, Nikola amended twice, resulting in the Third Amended Complaint (Doc. 57) ("TAC"). Nikola's First Amended Complaint asserted three counts of infringement covering three design patents (Nos. D811,944, D811,968, D816,004). Tesla's Motion to Dismiss addressed those three counts (the "Design Patent Counts").

The TAC asserts the Design Patent Counts and two new counts not present in the First Amended Complaint: for infringement of a U.S. utility patent (No. 10,077,084 (the "'084 patent")) and infringement of trade dress. Tesla's Motion to Dismiss does not address the new counts, which Tesla was unaware of during briefing of its Motion to Dismiss and had not been asserted by the time briefing was complete.

## THE COURT SHOULD CONSIDER THE MOTION

Rebriefing the Motion on the Design Patent Counts would waste the resources of both the Court and the parties. In order to conserve resources, the parties therefore request that the Court consider the Motion to Dismiss, as currently briefed, and apply the arguments to the design patent infringement claims in the TAC. Tesla may also move to dismiss one or both of the new counts, and will do so in a separate filing.

Nikola added one allegation that it contends affects the Motion to Dismiss. Tesla contends that the new allegation does not impact the Motion. Rather than rebrief the Motion to address the one new allegation, however, the parties jointly request that the Court consider a half-page supplement from each party, as set forth below. In addition, if the Court grants oral argument on the motions to dismiss, should Tesla file a motion to dismiss any new counts, the parties are amenable to the Court scheduling one

2

argument covering both the original and new counts, or separate arguments, at the Court's discretion.

## CONCLUSION

In sum, the parties jointly request that the Court rule as follows, and as set forth in the accompanying proposed order:

1. The Motion to Dismiss (Doc. 26) is renewed and the Court will consider the arguments as applied to the counts of design patent infringement asserted in the Third Amended Complaint (Doc. 57).

2. In connection with the Motion to Dismiss, the Court will also consider the additional half-page statement from each party included herein.

3. Tesla will file any responsive pleading(s), including a motion to dismiss any new counts (for utility patent infringement or trade dress infringement), by November 9, 2018.

4. If the Court grants oral argument, at the Court's discretion, the Court may schedule one oral argument covering both the original and new counts, should Tesla file a motion to dismiss one or both of the new counts.

. . .

. . .

. . .

**TESLA'S SUPPLEMENTAL STATEMENT**

Just as Nikola's cited articles have no bearing on Tesla's motion (*see* Reply at 10-11), Nikola's new allegation that "a former trucking company CEO" allegedly said that the two ***trucks*** look alike (TAC ¶ 74) cannot save the design patent infringement counts from dismissal with prejudice. Like the articles, Nikola's new allegation does not allege that the CEO compared the issued design patents to the Tesla Semi—indeed this would have been impossible because all three patents issued the year after the alleged statement was made. Nor does it allege that the CEO said he would "purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 683. Thus, the allegation is legally irrelevant to infringement of the design patents. *Sun Hill*, 48 F.3d at 1169; *cf. Keystone*, 997 F.2d at 1450-51. Finally, even if the CEO thought there were some similarities, that alone is not enough to survive Tesla's motion to dismiss because of the already-described glaring dissimilarities. *See, e.g., Colida*, 347 F. App'x at 571 (affirming dismissal of claims because "dissimilarities far exceed the similarities").

**NIKOLA'S SUPPLEMENTAL STATEMENT**

Tesla again invites the Court to ignore key facts: an ordinary observer (a trucking company CEO and current owner of semi-truck dealerships) told Nikola that the Tesla Semi looked like the Nikola One (TAC 17, 74). Tesla incorrectly argues that this allegation is legally irrelevant because the CEO compares the Nikola One to the Tesla Semi instead of the patent. Courts can compare an article that embodies the asserted patents and the accused article when analyzing infringement. *E.g., L.A. Gear, Inc.*, 988 F.2d at 1125-26. An ordinary observer said that the Tesla Semi looks like the patented design. As such, the complaint properly alleges that the "resemblance is such as to deceive an ordinary observer." *Hall*, 705 F.3d at 1363. Tesla argues that the CEO did not say he would purchase the Tesla thinking it was a Nikola. But this is legally irrelevant. An ordinary observer does not need to be actually deceived, especially at the pleading stage. *Apple Inc.*, 786 F.3d at 1000. In sum, the complaint plausibly alleges an ordinary observer was deceived and Tesla's motion must be denied.

4

1     DATED this 23rd day of October, 2018.

OSBORN MALEDON, P.A.

By   <u>s/ Eric M. Fraser</u>
      Eric M. Fraser
      Colin M. Proksel
      2929 N. Central Avenue, Suite 2100
      Phoenix, Arizona 85012-2793

LATHAM & WATKINS LLP
Perry J. Viscounty, admitted pro hac vice
Amit Makker, admitted pro hac vice
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538

Matthew J. Moore, admitted pro hac vice
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304

Clement J. Naples, admitted pro hac vice
885 Third Avenue
New York, NY 10022-4834

Attorneys for Defendant Tesla, Inc.


BEUS GILBERT, PLLC


By   <u>*s/ K. Reed Willis* (with permission)</u>
      Leo R. Beus
      K. Reed Willis
      701 N. 44th Street
      Phoenix, AZ 85008-6504

Attorneys for Plaintiff Nikola Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

s/ Rebecca Warinner