1  Eric M. Fraser, No. 027241
   Colin M. Proksel, No. 034133
2  OSBORN MALEDON, P.A.
   2929 N. Central Avenue, Suite 2100
3  Phoenix, Arizona 85012-2793
   (602) 640-9000
4  efraser@omlaw.com
   cproksel@omlaw.com
5

6

7  Perry J. Viscounty, *admitted pro hac vice*     Matthew J. Moore, *admitted pro hac vice*
   Amit Makker, *admitted pro hac vice*            LATHAM & WATKINS LLP
8  LATHAM & WATKINS LLP                            555 Eleventh Street, NW Suite 1000
   505 Montgomery Street, Suite 2000               Washington, DC 20004-1304
9  San Francisco, California 94111-6538            (202) 637-2200
   (415) 391-0600                                  matthew.moore@lw.com
10 perry.viscounty@lw.com
   amit.makker@lw.com
11
   Clement J. Naples, *admitted pro hac vice*
12 LATHAM & WATKINS LLP
   885 Third Avenue
13 New York, NY 10022-4834
   (212) 906-1200
14 clement.naples@lw.com

15 Attorneys for Defendant Tesla, Inc.

16                          IN THE UNITED STATES DISTRICT COURT
17                               FOR THE DISTRICT OF ARIZONA
18

19
   Nikola Corporation, a Delaware                  No. CV-18-1344-PHX-JAS-BPV
20 corporation,

21                                                 **TESLA, INC.'S RESPONSE TO**
              Plaintiff,                           **NIKOLA CORPORATION'S**
22                                                 **OBJECTION TO REPORT AND**
   vs.                                             **RECOMMENDATION TO**
23                                                 **TRANSFER CASE TO THE**
                                                   **NORTHERN DISTRICT OF**
24 Tesla, Inc., a Delaware corporation,            **CALIFORNIA**

25            Defendant.

26

27

28

Tesla, Inc. ("Tesla") respectfully requests that the Court adopt Magistrate Judge Velasco's Report and Recommendation ("R&R") finding in favor of transferring this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[1]

## I. INTRODUCTION

Magistrate Judge Velasco found in his R&R that every convenience factor either weighs in favor of transferring this action to the Northern District of California or is neutral. Nikola Corporation's ("Nikola") Objection fails to identify any clear factual error or any finding that is contrary to law in Judge Velasco's analysis. Accordingly, this Court should adopt Judge Velasco's conclusions.

Tesla has made a strong showing of inconvenience, and Nikola's Objection fails to present any reason to upset Judge Velasco's R&R. Nikola has made no credible challenge to Judge Velasco's findings that (1) this venue has no connection with the underlying facts in this matter; (2) the Northern District of California has a stronger interest in these proceedings than this District; (3) Tesla's minimal contacts with Arizona are unrelated to its semi-truck—the subject of this action (the "Tesla Semi"); (4) transfer would substantially increase convenience to Tesla; (5) the convenience of witnesses (both party and nonparty) favors transfer to the Northern District of California; and (6) the cost of litigation and the access to sources of proof weigh in favor of transfer. Nikola has not shown that Judge Velasco's findings are clearly erroneous or contrary to law.

Thus, Tesla respectfully requests that the Court adopt Judge Velasco's R&R and issue an order transferring this matter to the Northern District of California.

## II. BACKGROUND[2]

Tesla designs, manufactures, and sells all-electric vehicles and is headquartered in Northern California, in the city of Palo Alto. On May 1, 2018, Nikola filed suit against

---

[1] As explained in limited Objection (Dkt. No. 65), Tesla also requests that this Court transfer (rather than declare moot) Tesla's pending Motion to Dismiss (Dkt. No. 26).

[2] Tesla incorporates by reference its factual background set out in its opening motion and reply (Dkt. Nos. 44 and 52).

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Tesla alleging that the Tesla Semi infringed three of Nikola's design patents directed to different aspects of a semi-truck design. At the time of suit, Nikola was headquartered in Salt Lake City, Utah. Since then, Nikola has started to move its headquarters to Arizona, and has thrice amended its complaint to add new theories of liability (utility patent and trade dress infringement) and allege new contacts with this District.

On September 12, 2018, Tesla moved to transfer this matter to the Northern District of California. (Dkt. No. 44, "Def's Mot.") During pendency of that motion, this matter was reassigned to this Court and Magistrate Judge Velasco. (Dkt. No. 59.) On October 29, 2018, Judge Velasco issued the R&R recommending the District Court transfer this matter to the Northern District of California on the grounds that every convenience factor either favored transfer or was neutral. On November 13, 2018, Nikola objected to Judge Velasco's R&R. Tesla responds in support of Judge Velasco's conclusion that Tesla made a strong showing that transfer is warranted.

## III.   STANDARD OF REVIEW

A district court exercises review over a magistrate judge's determinations pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72. As a non-dispositive motion, a district court may modify or set aside a magistrate judge's recommendation to transfer venue under 28 U.S.C. § 1404(a) only to the extent it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R.R. Co.*, No. CV10-1366-SU, 2011 WL 1706216, at *3 (D. Or. May 5, 2011) ("Transfer of venue is a non-dispositive matter and the standard for review for the magistrate judge's findings is clear error." (citing *Paoa v. Marati*, No. 07-003709 JMS/LEK, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007))); *see also Gomes v. Silver State Mortgage*, No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. July 28, 2009) ("[M]otions to transfer are non-dispositive and within the powers accorded magistrate

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

judges."); *Wash. Pub. Utils. Grp. v. U.S. Dist. Court for W. Dist. of Wash.*, 843 F.2d 319, 325 (9th Cir. 1987) (granting transfer under § 1404(a) is not a final judgment).[3]

Under the clearly erroneous standard, a district court "must accept the lower court's ruling unless, after reviewing the entire record, [it is] 'left with the definite and firm conviction that a mistake has been committed.'" *U.S. v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The district court cannot reach such a firm conviction if the magistrate judge's "determinations are plausible in light of the record viewed in its entirety." *Newby v. F/V Kristen Gail*, 937 F.2d 1439, 1441 (9th Cir. 1991) (internal quotation marks and citation omitted). A ruling can only be considered contrary to law if the applicable law is misinterpreted or misapplied. *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). However, the "reviewing court may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV. ARGUMENT

### A. Judge Velasco Did Not Clearly Err in Recommending Transfer Based on Convenience and Fairness

In considering a motion to transfer venue under § 1404(a), there are two primary considerations both subject to the broad discretion of the Magistrate Judge and this Court: (1) the convenience of the parties and witnesses, and (2) the interest of justice. 28 U.S.C. § 1404(a); *Commodity Future Trading Comm'n v. Savage*, 611 F.2d 270, 278–79 (9th Cir. 1979). Nikola essentially asks this Court to redo Judge Velasco's analysis in full. But Judge Velasco correctly reached the conclusion that Tesla made a strong showing

---

[3] In the R&R, Judge Velasco noted that any objections should be made in accordance with Fed. R. Civ. P. 72(b). (R&R at 9.) But such written objections (and any *de novo* review of those objections) only apply to "Dispositive Motions and Prisoner Petitions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). Here, a grant of a motion to transfer venue is considered non-dispositive and is thus governed by Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), which apply the clearly erroneous and contrary to law standard of review. Even if reviewed *de novo*, however, the Court should reach the same conclusion as Judge Velasco and transfer this matter to the Northern District of California.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

favoring transfer of this matter to the Northern District of California based on the convenience and fairness factors. Nothing in Nikola's Objection to the R&R credibly undermines Judge Velasco's factual or legal conclusions.

*First*, Judge Velasco found that the <u>convenience of the witnesses</u>, both party and nonparty, favors transfer to the Northern District of California. (R&R at 7–8.) Specifically, Judge Velasco concluded that transfer is warranted by relying on the locations of five party witnesses Tesla explicitly identified in its motion and accompanying declaration, the recognition that there may be many more witnesses from Tesla that would need to be called to testify, and because in-person testimony is preferred. (R&R at 8.) Tesla also established (and Judge Velasco agreed) that it would be more convenient for its Southern California-based witnesses to attend any potential hearings in the Northern District of California. (*Id.*) Judge Velasco further found that Nikola "fail[ed] to allege how many of [its] employees may be called to testify." (*Id.* at 7.) Judge Velasco thus concluded that, "[g]iven the number of witnesses alleged in the pleadings, conducting proceedings in Arizona would cause more witnesses to be beyond this Court's subpoena power and would likely require more witnesses to testify remotely." (*Id.* at 8.)

Nikola has failed to show that any of Judge Velasco's findings, or his ultimate conclusion that this factor weighs in favor of transfer, are clearly erroneous. Indeed, Nikola does not even argue that this factor—the most important factor in the transfer analysis—should weigh *against* transfer at all, merely positing that Judge Velasco should have found it to be neutral. (Pl.'s Objection at 9.) *See also Gomez v. Wells Fargo Bank, NA*, No. CV-09-00181, 2009 WL 1936790, at *2 (D. Ariz. July 2, 2009) ("The convenience of witnesses is said to be the most important factor in passing on a transfer motion."); *Reaves v. Cable One, Inc.*, No. , 2011 WL 5331695, at * 4 (D. Ariz. Nov. 7, 2011) ("The convenience of the forum to party and non-party witnesses is the 'most critical factor to review.'" (quoting *Int'l Comfort Prods., Inc. v. Hanover House*, 739 F. Supp. 503, 507 (D. Ariz. 1989))). In short, Nikola asks the Court to ignore Judge

4

Velasco's findings without providing any basis to do so. *See Grimes*, 951 F.2d at 241 (recognizing that under the clear error and contrary to law standard, the district court cannot simply "substitute its judgment" for the magistrate's determinations). Judge Velasco's findings regarding witness convenience are not clearly erroneous, and this factor supports transfer.

***Second***, Judge Velasco found that <u>access to sources of proof</u> favored transfer. (R&R at 6–7.) Here, again, Nikola fails to show any error in Judge Velasco's findings. Judge Velasco found that, contrary to Nikola's argument, examination of "both vehicles" (Pl.'s Objection at 7) will not be necessary, and Tesla's transfer motion correctly established that "in patent litigation, the court compares the infringing product with the patented design . . . . Therefore, it is far more likely that the litigating court will require Tesla to provide its semi-truck than Nikola." (R&R at 6–7.) Similarly, Judge Velasco found that in patent litigation "the bulk of the relevant evidence usually comes from the accused infringer," (here, Tesla) and thus "the place where the defendant's documents are kept weighs in favor of transfer to that location." (*Id.* at 6 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations and citation omitted)).) Nikola has presented nothing to call Judge Velasco's recommendations into question.[4]

***Third***, for the same reasons supporting that the location of sources of proof favor transfer, Judge Velasco also found that litigation in the Northern District of California would be <u>less costly to the parties</u>. (R&R at 6–7.) In its Objection, Nikola largely repeats the same arguments it made in its underlying briefing, including its argument that it would not be legal error to compare Nikola's prototype truck with the Tesla Semi.

---

[4] Nikola contends for the first time in its Objection that use of physical "design boards" in the development process somehow undermines Judge Velasco's findings on this factor. (Pl.'s Objection at 9.) Certainly no Tesla design boards are located in Arizona and, in any event, Nikola provides no reason why its design boards are relevant or why photographs of any such boards would not be sufficient. Moreover, because this Court's review is based on the record before Judge Velasco when he made his determination, Nikola cannot now make new arguments in support of its position that were not previously raised. *See Wilson v. C.I.R.*, 705 F.3d 980, 1005 (9th Cir. 2013) (citing *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

However, as discussed above, Tesla established in its opening motion and Judge Velasco found that inspection of the Tesla Semi was more likely than the Nikola prototype. Further, Nikola's Objection ignores that Tesla argued that the Tesla Semi does not infringe the three design patents—a defense that exclusively focuses on comparing the patented design to the accused product. Nikola also argues for the first time and without supporting evidence that because Tesla's defenses focus on Nikola's conduct, the relevant evidence "will be evenly split between the two parties," but provides no basis for finding that amount of documents produced by the parties would become even. (Pl.'s Objection at 7.) This newly raised argument should not be considered since Nikola failed to raise it in the underlying briefing, *see Wilson*, 705 F.3d at 1005, and even if considered, would fall far short of establishing clear error by Judge Velasco.

***Fourth***, Judge Velasco found that California had a "far greater interest in the outcome of these proceedings because the alleged infringement occurred there." (R&R at 5 (emphasis added) (citing *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1232–33 (9th Cir. 2011)).) Nikola does not contest California's far greater interest in this dispute but claims, without basis, that Nikola will be harmed by a new schedule in the Northern District of California. (Pl.'s Objection at 10.) Nikola has failed to show any error in Judge Velasco's analysis of this factor.

  **B.**  **Judge Velasco Did Not Clearly Err or Act Contrary to Law in Affording Little Weight to Nikola's Choice of Forum**

Ignoring Judge Velasco's findings that demonstrate that transfer is proper, Nikola's Objection instead primarily contends that Judge Velasco erred in considering Nikola's contacts with Arizona at the time suit was instituted. Nikola further argues that Judge Velasco erred in not accounting for additional facts outside the pleadings. Nikola misrepresents Judge Velasco's R&R and the relevant law.

Determining a party's contacts with a particular forum for the purposes of venue is decided based on the facts available when the case was filed. *Technograph Printed Circuits, Ltd. v. Packard Bell Elecs. Corp.*, 290 F. Supp. 308, 326 (C.D. Cal 1968)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

("[V]enue, i.e., where (the action) might have been brought, is to be determined as of the time of the filing of the actions" (internal quotation marks omitted)); *Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 WL 5173872, at *2 n.1 (N.D. Cal. Dec. 15, 2010) (granting a motion to transfer venue under 28 U.S.C. § 1404(a), recognizing that "[f]or the purpose of venue, however, residence is determined at the time the action is filed" when assessing a party's contacts with a specific forum); *see also Greene v. Sha-Na-Na*, 637 F. Supp. 591, 600 (D. Conn. 1986) (citing cases). Contrary to Nikola's claim, Judge Velasco properly applied this rule to find Nikola had only minimal contacts with this District, and his reliance on *Ventress v. Japan Airlines* for this same proposition is not improper. 486 F.3d 1111, 1118 (9th Cir. 2007). In *Ventress*, the district court evaluated the "the facts alleged in the complaint" and concluded that transfer was proper. *Id.* at 1118–19. The Ninth Circuit affirmed, finding the district court was within its discretion to disregard facts developed after the transfer order was issued. *Id.* While the court did not explicitly state that the venue analysis regarding a party's contacts to a forum is based on the facts existing when suit was instituted, *Ventress* is consistent with the bevy of district court opinions that have said so and confirms that it is appropriate for a district court to base its venue analysis on "the facts alleged in the complaint." *See id.*[5]

Nikola cites two cases that are not applicable here for the proposition that facts occurring after the filing the complaint are relevant to the venue analysis. (Pl.'s Objection at 4.) *First*, Nikola relies on a Third Circuit case, *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 819 (3d Cir. 1982). But in that case, the district court was addressing venue after certain defendants (who would have otherwise made transfer of venue improper) dropped out of the litigation and could no longer object to transfer. *Id.* (recognizing that "a party's settlement of his portion of the action cures any objection to

---

[5] Nikola also challenges Judge Velasco reliance on the Federal Circuit's decision in *In re EMC Corp.* which relayed the proposition that "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). Aside from labeling the quotation as dictum, Nikola provides no reason why this Court should simply ignore the Federal Circuit's express statement of this general legal principle.

venue in the transferee district with respect to that party"). Here, Nikola and Tesla were the only two parties to this litigation at the time of filing and remain so now. **Second**, Nikola relies on *Qurio Holdings, Inc. v. DISH Network Corp.*, an inapposite, fact-specific case involving a plaintiff's motion to retransfer to a third district where suit had not previously been brought after a prior transfer of the same matter from another district. No. 2015 WL 4148962, at *3 (N.D. Cal. July 9, 2015). In retransfer cases, a court must make a threshold determination whether there have been "changed circumstances" to justify transfer and discourage forum shopping, necessitating review of facts after suit had been instituted. *Id.* Not only is *Qurio* therefore inapplicable, that court denied retransfer even though the plaintiff had moved to change venue to its home forum.[6]

Even taking into account the facts as pleaded in Nikola's three subsequent amended complaints, a plaintiff's contacts with a forum is only one factor in the transfer analysis and only goes to the weight given to a plaintiff's choice of forum. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). It is just as crucial (if not more so) that the forum have some connection to operative facts underlying the dispute and some particular interest in the parties or the subject matter of the case. *Id.* ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice of forum is entitled only to minimal consideration."); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Accordingly, even where a plaintiff's principle place of business is found to be in its chosen forum, courts in this District have transferred matters to the venue where the operative facts occurred. *See, e.g.*, *Am. Sec. Ins. Co. v. Norcold, Inc.*, No. 10-CV-954-PHX-GMS, 2010 WL 2991585, at *2 (D. Ariz. July 26, 2010).

Here, Judge Velasco made a definitive finding that this District "has no connection with the underlying facts in this matter." (R&R at 4.) Judge Velasco further found that

---

[6] Nikola's third cited case, *Davis v. MAHA Trading, Inc.*, No. 05-cv-0832-M, 2006 WL 8437474, at *2 (N.D. Tex. Apr. 10, 2006), is inapposite because the court did not consider an individual's intent to relocate in its transfer analysis, and, further, was analyzed under a specific venue provision not applicable here.

"none of the alleged events occurred in Arizona, and the injury is not to its residents," and thus transfer is proper while accounting for the possibility of future injury to Nikola employees may occur. (*Id.* at 4–5.) These findings are reviewed for clear error; Nikola has not identified any clear error in Judge Velasco's findings on this issue or that Judge Velasco failed to account for specific facts.[7] Judge Velasco's independent finding that the operative facts as alleged by Nikola have little or no connection to this District thus undercuts Nikola's assertion that its choice of forum should control the transfer analysis.

In any event, Tesla addressed Nikola's later-pleaded connections to Arizona outlined in Nikola's Second Amended Complaint, including the prospect of Nikola's utility patent claim. (Def.'s Mot. at 7; Def.'s Reply at 2–3.) Tesla argued that these facts would not change the result of the venue analysis.[8] (Def.'s Reply at 2–3.) Judge Velasco agreed and similarly reviewed Nikola's Second Amended Complaint in reaching his conclusion that transfer is warranted. (*See, e.g.*, R&R at 7 (considering the location of Nikola's three potential witness outlined in its opposition to Tesla's motion to transfer, as well as Nikola's Second Amended Complaint that included potential witness and California-resident Markus Scholten).) Thus, to the extent that Nikola contends the Judge Velasco should have reviewed the facts developed after suit was instituted and as alleged in its Second Amended Complaint (or its Third Amended Complaint) and

---

[7] Nikola asserts that "[a]ll harm caused by Tesla's infringement of Nikola's utility patent is in Arizona and has only been in Arizona." (Pl.'s Objection at 5.) But Nikola has not established any facts showing any harm (monetary or otherwise) as a result of its utility patent issued on September 18, 2018. Even in its Third Amended Complaint, Nikola claims damages of $2 billion based on Tesla's stock price increase on November 16, 2017—months before Nikola claims it announced its intent to move to Arizona on January 30, 2018. (*Compare* Third Am. Compl. ¶ 16, *with* Pl.'s Objection at 1.) Similarly, Nikola's new trade dress claims do not affect the Magistrate's factual analysis of the location of infringement (*i.e.*, in California and Utah) because Nikola alleges no new underlying facts on this count beyond an uncorroborated, anonymous statement from "a former chief executive of a large trucking company" that allegedly owns dealerships in Arizona, but also in California. (Third Am. Compl. ¶ 74.) This anonymous allegation (as recounted by Nikola) is not sufficient to reject Judge Velasco's factual findings.

[8] Nikola filed its Second Amended Complaint hours before its opposition to Tesla's Motion to Transfer Venue. Nikola has since filed a Third Amended Complaint that was not before the Magistrate at the time of the R&R.

1   accompanying exhibits, Judge Velasco did just that and nevertheless found transfer
2   appropriate. As such, Nikola has no legal or factual grounds to challenge Judge
3   Velasco's recommendation on that basis.
4       Further, despite Nikola's claims, Judge Velasco did not confine his analysis to just
5   the facts as pleaded in the original complaint. (Pl.'s Objection at 4.) Indeed, the factual
6   basis for Tesla's motion to transfer is a declaration from Tesla's Staff Technical Program
7   Manager, Daniel Priestley, in the group involved with the Tesla Semi. Both Tesla's
8   transfer motion and the Priestley Declaration are documents outside of the pleadings on
9   which Judge Velasco relied to reach his ultimate conclusion. Judge Velasco similarly
10  considered Nikola's declaration submitted with its opposition brief. (R&R at 3
11  (considering the Declaration of Britton Worthen).) Lastly, Nikola's assertion that Judge
12  Velasco did not consider Nikola's intent to move to Phoenix is without merit. Judge
13  Velasco accounted for Nikola's changing residency. For example, Judge Velasco
14  recognized Nikola's potential Arizona-based witnesses in determining witness
15  availability. (R&R at 7–8.) This Court should reject Nikola's arguments to the contrary.
16      Based on this fulsome factual record, Judge Velasco did not clearly err or act
17  contrary to law in recommending transfer to the Northern District of California.[9] Upon
18  review of the record, this Court cannot be left with a definite and firm conviction that
19  Judge Velasco erred. The Court should grant Tesla's motion to transfer.

20  **V.   CONCLUSION**
21      For the foregoing reasons, Tesla respectfully requests that the Court adopt Judge
22  Velasco's R&R to transfer this matter to the Northern District of California.

---

[9] Nikola also claims that companies that change location are somehow placed in an untenable position of deciding between two different venues. (Pl.'s Objection at 5.) Nikola essentially asks Tesla to bear all the inconvenience of Nikola's business choice to change its headquarters location. This statement only underscores Nikola's nascent ties to this District and supports finding that Tesla would be significantly more inconvenienced by litigating this matter in this District than Nikola would be in litigating in the Northern District of California.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  DATED this 26th day of November, 2018.

2                                      OSBORN MALEDON, P.A.

4                             By   s/ Eric M. Fraser

5                                  Eric M. Fraser
                                Colin M. Proksel

6                                  2929 N. Central Avenue, Suite 2100
                                Phoenix, Arizona  85012-2793

8  LATHAM & WATKINS LLP
Perry J. Viscounty, *admitted pro hac vice*
Amit Makker, *admitted pro hac vice*
9  505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538

11  Matthew J. Moore, *admitted pro hac vice*
555 Eleventh Street, NW Suite 1000
12  Washington, DC 20004-1304

13  Clement J. Naples, *admitted pro hac vice*
14  885 Third Avenue
New York, NY 10022-4834

16  Attorneys for Defendant Tesla, Inc.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

s/ Brenda Wendt

12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO